(44 Misc. Rep. 10.)
#### BOGERT v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County.   June, 1904.)

1. SCHOOLS—TEACHERS—DURATION OF EMPLOYMENT.

Where a person was employed as a teacher in the city of Brooklyn when it became a part of the city of New York, on January 1, 1898, he was continued in the same position by Laws 1897, pp. 403, 404, c. 378, §§ 1114, 1117, until removed for cause after a trial by the school board; and where his fixed term of employment expired, and he was not permitted after January 1, 1898, by the city superintendent of schools to retain his position as regular teacher, he could recover his salary from the city board of education, less any sum he may have earned as a substitute during such time.

Action by Frank M. Bogert against the board of education of the city of New York.   Motion by both sides to direct a verdict.   Verdict directed for plaintiff.

The plaintiff held a certificate of qualification to teach from the State Superintendent of Public Instruction, and was employed as principal of a common school in the town of New Utrecht when that town became a part of the city of Brooklyn on July 1, 1894, by virtue of chapter 451, p. 925, of the Laws of 1894.   By section 13 of that act the plaintiff's eligibility, status, and grade as a teacher were continued under the city administration.   He continued to teach in the city of Brooklyn, and was principal of one of its branch schools when that city became a part of the new city of New York on January 1, 1898. He was employed for a fixed term, which was to expire on June 30, 1898.   At the expiration of that term the city superintendent of schools refused, and has continued to refuse, to permit him to continue as a regular teacher, but gave him a certificate to teach as a substitute as he might be able to get opportunity in the case of sick or absent teachers.   The plaintiff offered to continue to teach in his grade, and has continued ready to do so.

Lavina Lally and Ira Leo Bamberger, for plaintiff.
Jerome W. Coombs, for defendant.

GAYNOR, J.   The plaintiff being employed as a teacher in the city of Brooklyn at the time it became part of the new city of New York, he was continued in the same position or grade by the charter of the new city, not merely for the remainder of the term for which he was then employed, viz., until July 1, 1898, but like all other teachers in the new city, for an indefinite term of employment, i. e., until removed for cause after a trial by his school board.   Laws 1897, c. 378, pp. 404, 403, §§ 1117, 1114; People ex rel. Callahan v. Board of Education, 174 N. Y. 169, 66 N. E. 674.   The city superintendent of schools had no power to remove him or prevent him from teaching in his grade, and he is entitled to recover for the breach of his contract of employment.   Steinson v. Board of Education, 165 N. Y. 431, 59 N. E. 300.   The measure of damages is his salary less anything he has earned meanwhile as a substitute.

I direct a verdict for the plaintiff for $4,270.83, with interest.