ELLEN DINNIE, Respondent, v. UNITED COMMERCIAl TRAVELERS, a Corporation, Appellant.

(169 N. W. 811.)

**Accident insurance policy — fraternal benefit association — constitution &· by-laws — action to recover under — complaint — demurrer.**

1. In an action brought to recover upon an accident policy of insuranc£ in a fraternal benefit association, where the constitution and by-laws of the insurance association are made a part of the contract of insurance, and the part of the constitution reads thus: "Class A, insured members shall be indemnified in accordance with the terms hereinafter set out in this article against the result of bodily injury, hereinafter mentioned, effected through external, violent, or accidental means, herein termed the accident, which shall be occasioned by the said 'accident alone and independent of all other causes,"—*held* that the complaint failing to state that the death of the insured was the result of bodily injury through external, violent, and accidental means, was demurrable, and did not state a cause of action.

**Contract of insurance — substance of — claim under — disallowance — action on — limitations — policy — statute.**

2. The contract of insurance contained a provision in substance that no action could be maintained upon the policy after the expiration of six months from the time of notice of disallowance of claim. This action was not brought within said six months' period, but was brought within a year after notice of disallowance of claim. *Held* that the cause of action is not barred by the Statute of Limitations.

Opinion filed November 18, 1918.

Appeal from the District Court of Grand Forks County, Honorable *Charles M. Cooley,* Judge.

Reversed.

*O'Connor & Johnson,* for appellant.

In an action to recover upon a policy for accident insurance, the complaint must show by proper allegations the occupation in which the insured was engaged at the time of the accident, or death, and it should negative extra or increased hazard, when a smaller sum is

NOTE.—As to when stipulation limiting time for suit on accident insurance policy begins to run, see notes in 47 L.R.A. 696; 48 L.R.A.(N.S.) 906; and L.R.A. 1918F, 510.

recoverable as a result. American Acci. Co. v. Carson, 99 Ky. 441, 59 Am. St. Rep. 473.

In this case the policy provides that no action can be maintained after the expiration of six months after notice of disallowance of claim. This action was not brought until long after six months succeeding such notice.

This limitation begins to run on the date of the receipt of notice by the insured. Switchmen's Union v. Colehouse, 227 Ill. 561, 81 N. E. 696; Cook v. N. P. R. Co. 32 N. D. 340, 155 N. W. 867; Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167; Fullman v. New York Union, 7 Gray, 61, 66 Am. Dec. 462, 7 Ann. Cas. 918.

The argument of public policy is to be received and considered with much caution.

It is the function of courts to interpret the law, and the interpreters of the law "have not the right to judge of its policy." Roberts v. Cannon, 4 Dev. & B. L. 267; Civ. Code, chap. 19, § 4978.

"The language of subsequent statutes cannot be controlled by any supposed policy of previous ones." Sutton v. Hayes, 17 Ark. 462; Goodrich v. Russell, 42 N. Y. 184; State v. Cram, 16 Wis. 347, 288 Fed. 447; Central R. Co. v. Hamilton, 71 Ga. 465; Billingslea v. Baldwin, 23 Md. 85; Sutherland, Stat. Constr. § 274.

If the so-called policy of the law is resorted to, and an attempt made to ascertain and follow it, the result would come within the condemnation that such would tend to a stricter interpretation of plain, unambiguous terms, words, and phrases, than otherwise. 2 Sutherland, Stat. Const. § 369, p. 711; First Nat. Bank v. Ludvickson, 8 Wyo. 236, 80 Am. St. Rep. 928, 56 Pac. 994.

The term "Insurance Law" includes decisions as well as statutes. Fraternal benefit societies are therefore exempt. Miller v. Dunn, 72 Cal. 462, 1 Am. St. Rep. 69, 14 Pac. 29; Jams v. Broadway Roller Rink, 136 Wis. 595, 118 N. W. 170; Johnson v. Humboldt, 91 Ill. 92; Johnson v. Fidelity Co. 239 Ill. 509; Vincent v. Mutual Ins. Co. 74 Conn. 684, 51 Atl. 1066.

In an action upon a policy of accident insurance, the complaint must contain allegations to show that death was the result of external, violent, and accidental means, and these allegations and facts should be proved upon the trial. Switchman's Union v. Colehouse, 227 Ill.

56, 81 N. E. 696; Kiesee v. Mutual, 134 Iowa, 54, 197 N. W. 1027; Summons v. M. W. A. (Mo.) 172 S. W. 492; Newman v. R. R. Asso. 42 N. E. 650; Hester v. Fidelity & C. Co. 69 Mo. App. 197.

*Murphy & Toner,* for respondent.

Conditions as to increase of the hazard, under all classes of insurance, have been held to be conditions subsequent, and it is not only unnecessary for plaintiff to plead a compliance therewith, but it is necessary, in order that defendant may take advantage of their breach, that they be specially pleaded in the answer. 1 Cyc. 286; 2 Clement, Fire Ins. p. 310; Fishler v. California Ins. Co. 66 Cal. 178; German Ins. Co. v. Stewart, 13 Ind. App. 627, 42 N. E. 286; Pierce v. Ins. Co. 123 Mass. 572; New York v. Ins. Co. 3 Abb. App. Dec. 251; Newmann v. Ins. Co. 17 Minn. 123; Lounsbury v. Protection Ins. Co. 8 Conn. 459; Standard L. etc. Ins. Co. v. Keen, 11 Tex. Civ. App. 273; Phœnix Ins. Co. v. Stork, 120 Ind. 444; Phœnix Ins. Co. v. Rickel, 119 Ind. 155; Rediker v. Queen Ins. Co. (Mich.) 65 N. W. 105; Roussel v. Ins. Co. 41 N. Y. Super. Ct. 279.

Where a subject is treated in a general manner, it will not be supposed that it was the intention to abrogate particular legislation as to the details, which had been given attention, applicable only to a part of the same subject. Ex parte Crow Dog, 109 U. S. 556; State v. McCurdy, 62 Minn. 509, 64 N. W. 1133; State v. Judge, 38 Mo. 529; Brown v. Commissioners, 21 Pa. 37; State v. Treasurer, 41 Mo. 16; Fosdick v. Perrysburg, 14 Ohio St. 472; Thompson v. State, 60 Ark. 59, 28 S. W. 794; Mills v. Sanderson, 68 Ark. 130, 56 S. W. 779; Home for Inebriates v. Reis, 95 Cal. 580, 44 Pac. 238; People v. Hutchinson, 172 Ill. 486, 50 N. E. 599; Kelly v. School Directors, 66 Ill. App. 134; Rankin v. Cowden, 66 Ill. App. 137; Arnold v. Council Bluffs, 85 Iowa, 441, 52 N. W. 347; Boyd v. Randolph, 91 Ky. 472, 16 S. W. 133; Music v. R. Co. 114 Mo. 309, 21 S. W. 491; State v. District Ct. 14 Mont. 452, 37 Pac. 9; Mantle v. Largey, 15 Mont. 116, 41 Pac. 1077; Rymer v. County, 12 L.R.A. 192, 142 Pa. 108; Hayes v. Arrington, 108 Tenn. 494, 68 S. W. 577; People v. Commissioners, 7 Utah, 279, 26 Pac. 577; State v. Corson, 6 Wash. 250, 33 Pac. 428; State v. Purdy, 11 Wash. 343, 44 Pac. 857; Colvert v. Winsor, 26 Wash. 368, 67 Pac. 91; State v. Hobe, 106 Wis. 411, 82 N. W. 336.

There is nothing mysterious about the rules of law applicable to pleading in this class of cases.

The general rules of pleading applicable in suits on life insurance policies are also applicable to suits on accident and benefit policies. 25 Cyc. 916; 29 Cyc. 222–225; 1 Cyc. 285.

GRACE, J. Appeal from the district court of Grand Forks county from an order overruling a demurrer to the complaint, Honorable C. M. Cooley, Judge.

The action is one to recover $6,300 with interest from the 9th day of November, 1916, alleged to be due upon a certain accident insurance policy issued by the defendant to plaintiff. The complaint, in substance, alleges the defendant is an Ohio corporation authorized to do business in the state of North Dakota; that it is a fraternal benefit association engaged in the business of insuring its members against injury and death, and has authority so to do. The complaint contains allegations as to the time when the plaintiff was received into the association as a member through the Minot council No. 277 of Minot, North Dakota; the issuance to the plaintiff of the policy describing it; the compliance of the plaintiff, during his lifetime, with the articles of association of the defendant and compliance with the regulations and by-laws in force at the time of the issuance of the certificate, and those thereafter adopted, and that the plaintiff performed all the agreements and conditions of the certificate. The complaint further shows that the plaintiff died on or about the 9th day of November, 1916, but not from any other causes excepted in said certificate or the constitution or by-laws of said defendant, and further shows notice of death of the plaintiff was furnished to the defendant within a time described and also delivered to the defendant due proof of the death of the plaintiff. Complaint further shows the defendant has money in the treasury sufficient to pay the plaintiff's claim. It alleges the proper demand for the payment of the amount of the policy and the refusal of the payment thereof by the executive committee of the defendant, and shows that the beneficiary named in the policy is the mother of the plaintiff.

The defendant demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The

plaintiff came within what was denominated Class A by the provisions of the constitution of the defendant at the date of the certificate, part of which reads thus: "Class A insured members shall be indemnified in accordance with the terms hereinafter set out in this article against the result of bodily injury hereinafter mentioned, effected through external, violent, and accidental means, herein termed the accident which shall be occasioned by the said accident alone and independent of all other causes."

The complaint contains no allegations that the death of the insured was the result of an accident or that it was caused through external, violent, and accidental means. An allegation of this character and to this effect in the complaint is indispensable in order that the complaint may show the liability of the defendant under the terms of the policy and in accordance with the application, by-laws, and constitution which is a part of the contract. The plaintiff claims this point was up before the trial court or mentioned in his presence prior to the time of decision on the demurrer and should not be here on appeal. The complaint alleges "that said John Dinnie died on or about the 9th day of November, 1916, that not from any other causes excepted in said certificate or the constitution or by-laws of said defendant." The plaintiff, in effect, admits that if the above allegation is not sufficient to meet the objection by the defendant that the complaint contains no allegation of death by external, violent, and accidental means, then it is clearly demurrable.

It is clear to us the above allegation is not sufficient and it, in no manner, shows the death to have been the result of accident or through external, violent, and accidental means. In this respect, it is clear the demurrer should have been sustained.

The only remaining question to be considered is that relating to the time of the bringing of the action. The defendant claims the plaintiff has no right to maintain the action, not having commenced the same before the Statute of Limitation had expired, as fixed by the contract of insurance, which was within six months from the time of the notice of the disallowance of the claim. As near as we are able to determine from the limited record before us and so far as insurance is concerned, the defendant is engaged only in furnishing that kind of insurance which is denominated accident insurance. The lodge sys-

tem under which the defendant operates is largely for the purpose of facilitating the carrying out of the main object of the institution, which is the effecting of accident insurance to the members of the United Commercial Travelers when they become members of the corporation in the manner provided by the constitution and by-laws.

Section 4978, Compiled Laws 1913, provides that insurance corporations, associations, and societies engaged in the business of accident insurance, may limit the time within which suit may be brought on any claim based upon the policies or certificates of membership, and that after the expiration of the time limited they would not be liable thereon. It is further provided that such limitation shall not be less than one year from the time such right of action accrues. The general statute on the limitation of actions with reference to contracts provides that an action may be maintained thereon at any time within six years after the right of action accrues.

Section 5927, Compiled Laws 1913, in effect, provides that every stipulation or condition in a contract restricting a party from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which he may thus enforce his rights is void. It appears that the provision in the defendant's contract limiting the time within which action may be brought to six months from the time of notice of rejection of a claim is invalid as being contrary to the provision of all the above sections with reference to the limitations of action, and, in stating this, we are not passing upon the validity of § 4978, Compiled Laws 1913, nor do we hold it to be invalid because it is in conflict with subdivision 1 of § 7375, Compiled Laws 1913, which is to the effect that an action upon contract must be commenced within six years after the cause of action has accrued. As we view it, the question is not presented in this case. That being true, it would serve no useful purpose to determine the question until it is squarely presented. The plaintiff has brought the action in time under any of these statutes, and having brought the same within one year from the time the right of action, if any, accrued, he is within time. If the plaintiff had not brought the action until after the expiration of one year from the time the right of action accrued, the question would then be presented whether §§ 4978 or 7375 controlled.

The defendant also claims that it is a fraternal benefit society. Assuming this to be true and that the constitution and by-laws and the application become part of the contract, as is usually provided by such associations, and assuming that defendant claims the right to make the six months' limitation of the time to bring an action against it by virtue of the law with reference to fraternal benefit societies and by reason of the provisions of its constitution and by-laws, it is clear to us there is no such right under chapter 191 of the Session Laws of 1913, which deals at length with fraternal benefit societies, or any other law of this state. The act of fixing the time in which actions must be brought is a legislative prerogative which requires a legislative act. The general law is, that an action may be brought upon contract, either express or implied, within six years from the time action accrues. If a fraternal benefit society provided by its by-laws or constitution that an action upon contract may be brought within three years, two years, one year, or thirty days, as the case may be, from the time the right of action has accrued, such society has, in effect, enacted a law relative to the limitations of actions as to its contracts. It is clear to us that such associations would have no such power or authority unless specifically granted to them by the legislature, and if such a grant were given, its validity would at least be very doubtful. While such associations, under the law, have the general power of managing their internal affairs and transacting their business, and, to do that, may adopt a constitution and enact by-laws providing for the manner in which the business of the association is to be done, and in general the nature, form, and extent of the contract with its members, such constitution and by-laws cannot be in conflict with the laws of the state; nor is the power granted such associations to enact by-laws to vary the terms of the law relative to limitation of actions on contract, or, in effect, repeal it and enact substantially a different law upon the subject. The legislature has the power to fix the limit of time within which an action on contract may be commenced after the right of action has accrued, subject to the requirement only that the time must be reasonable. Under the general law with reference to the limitations of actions on contract where the action must be commenced within six years after the right of action has accrued, there can be no question but the time is reason-

able. The same may be said with reference to the time specified in particular law referring to a particular contract where such time, though less than six years, is a substantial period of time such as is provided by the law of this state for life insurance contracts. We need not say whether the one-year period specified in § 4978 with reference to the time of bringing an action against an accident insurance company after the right of action has accrued is reasonable or not. That question is not presented, the suit in question having been brought within the year. We are clear that the action of the plaintiff, if she have one, is not barred by the Statute of Limitations. We are not fully convinced that it is necessary to allege and prove the occupation of the plaintiff at the time of his death. If the occupation at the time of death is different from that at the time of the issuance of the policy, or if it is claimed that such change avoids the insurance or that the occupation at the time of death is more hazardous than the original occupation, such matters may be in the nature of defensive matter. However this may be, we are clear the plaintiff's complaint would not be demurrable by failure to allege the occupation at the time of death.

The order of the District Court is reversed and the case is remanded to it, and the plaintiff is allowed twenty days after the remittitur is returned to the District Court in which to serve and file an amended complaint. Appellant is allowed statutory costs on this appeal.

BIRDZELL, J. I concur in the result.

CHRISTIANSON, J. (concurring specially). This is an appeal from an order overruling a general demurrer to the complaint. The defendant asserts that the complaint is fatally defective and that the demurrer should have been sustained for three reasons:

1. That the complaint does not allege that the death of the insured was occasioned by external, violent, and accidental means; and that the certificate attached to the complaint shows upon its face that there is no liability unless death resulted from external, violent, and accidental means.

2. That the complaint shows upon its face that suit was commenced more than six months after the claim had been rejected by the

41 N. D.—4.

supreme executive committee, and after notice of the rejection had been sent to and received by the beneficiary, the respondent in this case; and that the beneficiary certificate sued upon provides that no suit shall be maintainable upon such certificate, unless the same is commenced within six months from the date of the rejection of the claim by the supreme executive committee.

3. That the complaint does not sufficiently aver, or at all, that the insured was not engaged in a more hazardous occupation at the time of his death than when he was insured, although the policy provides that change of occupation must be brought home to the insurer by sufficient notice.

I will consider these propositions in the order stated.

(1) In my opinion the first objection specified is well taken, and renders the complaint demurrable. The certificate sued upon provides for indemnity only against injuries or death "effected through external, violent, and accidental means." This being so, the complaint should show that the death of the insured was so occasioned. 1 C. J. 489. The complaint in this case does not show this. Plaintiff's counsel virtually concede that the complaint is demurrable for this reason. In their brief, they say: "This point was never before the trial court, or mentioned in his presence before this matter was decided, and should not be here on appeal. . The complaint was drawn on the theory that this was an ordinary death benefit policy, and was drawn in proper form on such theory. The matter was presented to the trial court by both sides and considered by the trial court on the theory that the complaint was all right unless the time for bringing the suit had passed." Counsel further state that this "is not advanced as an argument in this brief," but presented solely as a matter of justice to the trial court.

We, of course, have no means of knowing exactly what took place in the court below. We have before us only the complaint, the demurrer, and the order overruling the demurrer. We must determine the case upon this record. The question presented is: Does the complaint state facts sufficient to constitute a cause of action? In my opinion it does not, owing to the fact that it does not show that the death of the insured was occasioned by external, violent, and accidental means.

(2) It will be noted that the second objection, if sustained, is fatal to plaintiff's cause of action. No question has been raised as to whether this question can be raised by demurrer; but both parties have assumed that it may properly be raised in this manner and have requested that a decision be made upon this point, even though the complaint be held demurrable for one or both of the other reasons assigned.

The complaint alleges, and it is assumed by the defendant, that the defendant, "is a fraternal benefit association." And it seems that it comes within the provisions of § 5088, Compiled Laws 1913, relating to such associations.

Under the laws of this state every stipulation or condition in a contract which limits the time within which a party may enforce his rights under such contract is void. Comp. Laws 1913, § 5927. This general provision was adopted during territorial days, and has been a part of our statutory law during our entire existence as a state.

No life insurance policy may be issued or delivered in this state which contains "a provision limiting the time within which any action at law or in equity may be commenced to less than five years after the cause of action shall accrue." Comp. Laws 1913, § 6635.

But every corporation, association, or society transacting the business of accident or sickness, or accident and sickness, insurance in North Dakota, may limit the time within which suit may be brought against it on any claim based upon its policies or certificates of membership; but such limitation cannot be for a less period than one year from the time the right of action accrued. Comp. Laws 1913, § 4978,

In 1913 the legislature enacted chapter 191, Laws of 1913, which provides "for the regulation and control of fraternal benefit societies." In this act it provided that except as therein provided, such societies shall be governed by that act "and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter shall apply to them unless they be expressly designated therein." Comp. Laws 1913, § 5061A.

Based upon these statutory provisions, the appellant presents the following premises: (1) That the legislature, by authorizing life and accident insurance companies to place certain limitations upon

the time within which suits may be brought on policies issued by them, has in effect declared as a part of the public policy of the state that the rules relating to limitations of actions upon contracts in general are inapplicable to life and accident policies; and, (2), that chapter 191, Laws 1913, places fraternal benefit societies in a class by themselves; and that this act contains no provision restricting a fraternal benefit society from placing a limit on the time within which suit must be commenced on a beneficiary certificate issued by it.

From these premises, it is argued that there is no statutory restriction whatever upon the right of a fraternal benefit society to limit the time within which an action may be brought upon a beneficiary certificate issued by it. The argument is unsound. It will be noted that it is first contended that life and accident policies issued by insurance companies are so essentially different from other contracts that the laws relating to limitations of actions on other contracts are inapplicable to such policy contracts. And it is next contended that there is such an essential difference between insurance companies transacting such insurance business, and fraternal benefit societies transacting the same kind of business, that such societies stand in a class by themselves, and, hence, are properly exempted from all the rigid requirements of our laws applicable to insurance companies.

"The basic principle most generally relied upon by the authorities is that statutes of limitations are statutes of repose, the object of which is to suppress fraudulent and stale claims from springing up at great distances of time and surprising the parties or their representatives when all the proper vouchers and evidences are lost or the facts have become obscure from the lapse of time or the defective memory or death or removal of witnesses." 25 Cyc. 983, 984. This principle also inheres in limitations stipulated by the parties to a contract themselves, in cases where they are permitted to so stipulate. If there is such essential difference between companies writing life and accident insurance, and fraternal benefit societies writing similar insurance, as to require the societies to be exempted from the rigid laws applicable to the companies, then clearly the legislature might deem it proper to provide different periods of limitations as to suits brought upon the different contracts of insurance. An ordinary life or accident policy is a business contract. But fraternal

benefit societies are not supposed to be organized solely for the purpose of writing insurance. Such societies must have a lodge system. Its members are initiated, and are supposed to be bound together by fraternal ties. It seems that the legislature might very properly have concluded that the ordinary statutes of limitations ought to apply in actions on certificates of insurance issued by such societies.

While the legislature has seen fit to exempt fraternal benefit societies from the general insurance laws, it has not seen fit to declare that such societies shall be exempt from the statutory provisions relating to contracts in general. Section 5927, supra, applies to all contracts, except of course those specifically exempted from its operation by other laws. Barring such exception, it applies to contracts of insurance. See Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799. Comp. Laws 1913, § 4978, supra, applies to accident and sickness insurance contracts. At the time of its enactment it was clearly intended to apply to and cover contracts of insurance written by fraternal benefit societies.

The avowed object of chapter 191, Laws 1913, as stated in the title of the act, is to provide "for the Regulation and Control of Fraternal Benefit Societies." The act does not specifically declare either § 4978, or § 5927, to be repealed, or inapplicable to accident insurance certificates issued by fraternal benefit societies. Neither does it make any reference to the limitations of actions on, or the right of benefit societies to impose limitations as to such actions in, the certificates of insurance. It is elementary that repeals by implication are not favored. And while it is true that where the legislature enacts a law manifestly intended to embrace the entire law on some subject, such enactment will impliedly repeal all prior statutes on that subject, still "a special act will not repeal a general law unless there is a manifest repugnancy between their provisions or one was obviously intended as *pro tanto* a substitute for the other." 36 Cyc. 1093. And "one statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose." And "when there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed." Sutherland, Stat. Constr. § 138.

And I am satisfied that the legislature has manifested no intent in

chapter 191, Laws 1913, to repeal the existing provisions of law, relating to limitations of actions, properly applicable to certificates of insurance issued by fraternal benefit societies. And inasmuch as the policy provision relied upon by the defendant in this case is invalid under either § 4978, or § 5927, it is unnecessary to determine which section applies. For in any event a fraternal benefit society may not limit the time within which suit may be brought on a certificate of insurance issued by it for a less period than one year from the time the right of action accrues.

(3) The remaining objection (that the complaint is defective because it fails to show the occupation of the insured at the time of his death) is one upon which we need express no opinion. This matter is discussed and the authorities collated in Corpus Juris. See 1 C. J. p. 491, § 249. And the effect of attaching an instrument as an exhibit to a pleading is discussed in Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588. See also 31 Cyc. 560 et seq.

BRUCE, Ch. J., concurs in the opinion of Mr. Justice CHRISTIANSON.

ROBINSON, J. (concurring specially). This is an appeal from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action on the ground that the action is barred by a contractual limitation of six months. The complaint avers that the defendant is a fraternal benefit association of Ohio; that on December 8, 1915, John Dinnie became a member of the association, and at the time of his death, he was a member in good standing; that he died in November, 1916, but not from any cause excepted in the certificate of membership or the constitution or by-laws of the defendant, which certificate is made a part of the complaint. It is further averred that proof of death was duly made and on December 30, 1916, defendant refused to pay the death loss.

The plaintiff is the mother of the deceased and the beneficiary named in the certificate. By its terms the insurance company contract provides for an indemnity only against bodily injury or death "effected through external, violent, or accidental means" occasioned by accident alone and independent of all other causes, and that no

benefit shall be payable unless there is some external and visible marks of the accident upon the body, nor unless the external and violent accident is the proximate and sole cause of death or disability. Then it is provided that no suit to recover loss shall be commenced after the lapse of six months from the time the claim is disallowed.

It is obvious the complaint fails to state facts showing that the death was caused by violent and accidental means. For aught that appears from the complaint, death may have been the result of ordinary and natural causes. In regard to the six months' limitation, it is clearly no part of the insurance contract. It is in no way contemplated by the insurance application. It is merely a one-sided, unilateral declaration which the company chooses to insert in its policy. It is in direct conflict with the policy of the law and the statute forbidding a contract limiting the time within which a party may enforce a legal right. Comp. Laws, § 5927.

It is true that by § 4978 a limitation of one year may be imposed by certain mutual benefit societies organized and doing business in this state, but the defendant is not such a society, and one year does not mean six months. The case is entirely clear and it presents no question for any discussion.

Reversed.