# HELEN CLARK, Plaintiff, v. WILD ROSE SPECIAL SCHOOL DISTRICT No. 90, Defendant.

## (182 N. W. 307.)

**Schools and school districts — board of education removing teacher for cause must inform her of charges and give her hearing.**

Where a board of education of a special school district undertakes to dismiss and remove a school teacher under subdivision 8 of § 1251, Compiled Laws of 1913, which provides for removal "for cause," it is prerequisite to a valid removal that the teacher be informed of the charges and be given a reasonable opportunity for a hearing thereon.

Opinion filed March 4, 1921.

Question of law certified from District Court of Williams County, *Leighton,* J.

Remanded.

*Burdick & Spencer,* for plaintiff.

*Wm. G. Owens,* for defendant.

BIRDZELL, J. This is an action originating in a justice court of Williams county. The plaintiff sued for breach of contract of employment as a school teacher and claimed to be entitled to wages as a measure of damages. From a judgment in her favor for $192.40 the defendant appealed to the district court. In the district court the facts were stipulated and are as follows:

The plaintiff, a regularly licensed school teacher, was employed by the defendant school district under written contract dated May 14, 1918, to teach school for nine months beginning September 30, 1918, for $80 per month. On April 22, 1919, at a special meeting of the school board the board discussed the advisability of dismissing the plaintiff for voluntary neglect of school work by not reporting for duty on the preceding day which was Monday. It appears in the minutes that after some discussion of this and other neglects, the board determined that her interests were not for the good of her school work or for the good of the district and authorized a communication to her as follows:

"We, the members of the board of education of Wild Rose Special School District, No. 90, at a special meeting assembled, at the Security State Bank, hereby respectfully resolve and request that you hand your resignation to the above named board of education, for voluntary neglect of school work."

The clerk was authorized to deliver this communication, together with a warrant for her salary to date. On the following day, no resignation having been received, the board held another special meeting at which it was resolved that the plaintiff be dismissed from her position for the good of the district. A communication to this effect was authorized in which it was stated that the dismissal should take effect immediately and that the notice was given by virtue of plaintiff's refusal to hand in her resignation as requested. Plaintiff was also notified that if she desired to do so she might appear before the board at a special meeting to be held the following evening at nine o'clock. A warrant for the salary to date accompanied the notice.

On the above facts the district court was called upon by both counsel to determine whether or not the plaintiff had been legally dismissed and removed under subdivision 8 of § 1251, Comp. Laws 1913. The trial court held that her removal was legal and the question was duly certified to this court under chapter 2 of the Session Laws of 1919.

The statute (subdivision 8 of § 1251) provides that the board of education "shall have the power and it shall be its duty: . . . 8. To contract with, employ and pay all teachers in such schools and to dismiss and remove for cause any teacher whenever the interests of the school may require it. . . ."

It is agreed that the removal action was taken without any notice to the teacher and with no opportunity given her to answer the charges which it is claimed amount to "cause" for removal. We are of the opinion that the statute authorizes removal only for cause as distinguished from removal at the pleasure of the school board, and that the cause must be a real cause affecting the interests of the school. It is elementary that where the power to dismiss an employee of a public corporation is conditioned upon the existence of cause therefor, the employee has a right to know the nature of the charge or charges which it is claimed constitute cause, and the further right to a reasonable opportunity to appear and defend against the charge or charges.

35 Cyc. 1092, 1093. Otherwise, the condition upon which the power of removal depends is effectually read out of the statute.

The cause is remanded to the district court for further proceedings not inconsistent with this opinion.

CHRISTIANSON and BRONSON, JJ., concur.

GRACE, J. I dissent.

ROBINSON, Ch. J. (dissenting). The plaintiff sues to recover from defendant on a contract for two months' services in the capacity of a school teacher. By answer defendant admits the hiring of plaintiff to serve for nine months at $80 a month in the capacity of a school teacher and avers that on September 23, 1919, two months before the date of the completion of the contract, defendant, by its board of directors, for good cause discharged the plaintiff and paid her for her services to that time. The answer avers:

"That during the greater portion of said time after the plaintiff had entered upon the performance of her contract she failed, refused, and neglected to perform the duties required of her ordinarily or under her contract with the defendant as a teacher and failed to become interested in the welfare of the schools of defendant district, and failed to give her attention to the best of interest of such schools or the pupils or patrons thereof, and, instead of complying with her contract, conducted herself in such a way as to become detrimental to the interest of the schools, and her actions tended to disorganize the regulations, operations, and management of defendant schools. Particularly during such time did the said plaintiff neglect and fail to come to her schoolroom in the mornings or noons in time to properly perform her duties as a teacher, and at different times she left and entirely abandoned the work which she was to do under her contract and wholly failed during certain periods of her contract to teach or to do any other work as a teacher. During the months of December and January, 1918 and 1919 she failed entirely, and without any excuse offered to the defendant board of education so to do, to attend school at all for a period of more than a week, and persisted in being late to school , conducting herself in her personal matters so as to be-

come obnoxious to the patrons of the school, and made insulting and revolutionary remarks about the superintendent of schools; and on the 21st of April, 1919, as well as at other times during the period she was teaching, she failed to appear and perform her duties as teacher at all."

Manifestly the answer states a good cause for the discharge. The rights and position of a teacher, whether public or private, is one of contract. He does not hold as the appointee of a public office. If a teacher fails to observe his contract, it becomes void or voidable at the election of the other party to the contract, and the teacher may not insist that his contract shall remain in force until the other party to the contract has served him with notice of his own delinquencies and give him a hearing in the nature of a mock trial. For it is certain that neither party to a contract can be made a judge in his own case. The statute which recognizes the right to discharge a teacher for good cause does not vary the existing law in any particular or give to the most formal decision by either party a scintilla of judicial effect. Yet on the trial of this case it seems the court and counsel on both sides wholly ignored the plain issues presented by the complaint and the answer. The case turned on a question which was moot and irrelevant, viz.: the right of defendant to discharge the teacher without first giving her a notice of her defaults and a kind of mock trial. And the question as to whether the teacher might be discharged without such a mock trial is gravely certified to this court. There is no demurrer to the answer. Clearly it states a good cause for the discharge of the plaintiff. Hence the case should be remanded for trial on the issues presented by the complaint and answer.