STATE OF NORTH DAKOTA EX REL. H. O. MANNES, C. A. Hanson and Ludwig Hanson, Appellants, v. HENRY E. AL-QUIST, et al., as Board of Directors of West Fargo School District No. 6, of Cass County, North Dakota, Respondents.

(— A.L.R. —, 231 N. W. 952.)

Opinion filed August 4, 1930.

*Lashkowitz & Smith,* for appellants.
*Lawrence, Murphy, Fuller & Powers,* for respondents.

BURR, J. In this case it is stipulated that the relators are residents of West Fargo school district No. 6 of Cass county, a common school

district, of which the defendants are directors; that the relators are parents of children who have finished the eighth grade in said school district and are now attending the high schools of the city of Fargo; that there is no high school in the respondent district; and the high schools of Fargo are the high schools nearest the homes of these children; that the school district of the city of Fargo is an independent school district, organized under a special statute of the territorial legislature of 1885 (§§ 1321a1 to 1321a25 of Supp.) and is governed by the board of education of the city of Fargo; that these high schools "conform to the specific requirements provided in chapter 202 (212) of the Session Laws of 1917 and amendments thereto," (§§ 1439–1448 of Supp.); that this board of education of the city of Fargo by appropriate resolution had declared and determined that nonresident pupils may not attend its school without paying $100 per year for tuition, and charges the children of the relators this sum; that the defendants, as the board of directors, offer to pay the sum of $1.50 per week for tuition and no more; that the schools of the city of Fargo do not receive any state aid from the state of North Dakota under the provisions of §§ 1430–1438, Compiled Laws and chapter 42 of the Laws of 1915 (§ 1433 of Supp. 1925) and "are not in fact supervised, governed and inspected by the officials and departments of the state of North Dakota mentioned, in the said acts of its legislature." It is further stipulated that the high schools of Fargo are overcrowded and that the increase of its facilities for seating and the instruction of nonresident pupils has been ascertained and computed by the board of education as costing $100 per school year for each pupil and "that the said charge of one hundred dollars ($100) per nonresident pupil per year is fair, reasonable and justifiable." There are other facts stipulated but these stated are decisive of the case.

The petitioners ask for a writ of mandamus to compel the defendant school board to pay the full amount of the tuition charged by the high schools of Fargo. The lower court denied the writ and the petitioners appeal. No question is raised as to whether petitioners are the proper party to maintain this proceeding.

The petitioners claim that the provision of chapter 107 of the Session Laws of 1921 being §§ 1438a1 to 1438a3 of the Supp. 1925, are controlling. This law says "nonresident pupils may be admitted to

the high school department of standardized graded schools or standardized high schools." Sec. 1348a1. Further:

"It shall be the duty of any school district not having a full four year high school course of at least fifteen (15) units to pay the tuition of pupils residing in such district that enter the high school department in any standardized graded school or standardized high school department in the state to complete such part of a full four year high school course of at least fifteen (15) units as is not offered in the district in which the pupil resides. The school district board or board of education of the district in which the standardized high school is located shall be entitled and is hereby authorized to charge a tuition fee for such nonresident pupil not to exceed one and one-half dollars per week for the time such nonresident pupils are in attendance." Section 1438a2.

Further the law says the board of education of the standardized high school shall make out a statement showing the residence of the pupils admitted from the outside districts, number of weeks enrolled, the amount of tuition to which it is entitled, etc., and present this bill to the school district from which the pupils come "which statement shall be filed as a claim against the district and shall be allowed as other claims are allowed." Section 1438a3.

Petitioners say that so far as the right of a board of education to charge more than the tuition specified in the law is concerned, when the "facilities for seating and instruction" already possessed are not sufficient to accommodate the nonresident pupils, the facts stipulated bring the question within the rule laid down in the case of Todd v. Board of Education, 54 N. D. 235, 209 N. W. 369, where we held that such school board under such circumstances could charge for the increased cost even if it amounted to more than $54 per year, per nonresident pupil. But the petitioners allege that so far as the city of Fargo is concerned the excess of $46 per year, per nonresident pupil, must be paid by the defendant school district.

The school district of the city of Fargo is organized under a special law, and under the provisions of § 1319, Comp. Laws 1913, is a special school district. The stipulation of facts shows that this special district is not a "standardized high school" as that term is used in chapter 107 of the Session Laws of 1921. While we cannot find a specific statutory

definition for the term "standardized high school" nevertheless it is clear what the statute means when the term is used. We must remember that the establishment of a high school is largely within the power and according to the wishes of the people of the city or district; and if the voters therein desire to establish a high school they may establish such a school as they desire, subject to statutory restrictions. But when the state establishes a standard for a high school and by law prescribes under what conditions the people of the district will receive aid therefor these high schools become standardized state high schools by compliance with the requirements. Therefore this term "standardized high school" assumes a special meaning.

In order to be classified as a standardized high school there must be furnished "such courses of study as shall be prescribed or approved by the superintendent of public instruction, together with such additional courses as such board of education may thereafter deem advisable to establish," and such school must be under the inspection of the high school inspector whose duty it is to "carefully inspect the instruction, discipline and all conditions affecting the efficiency of the high schools of the state receiving aid" from the state. In addition to being subject to this inspection a standardized high school is one which receives state aid. It will be noted the term is not dependent upon the character of the instruction received or the courses of study offered. These, in a non-standardized high school, may be superior to the courses of study offered and the character of the instruction given in a standardized high school, depending upon the action of the board of education. The board of education may see fit to offer courses of study which are generally accepted as collegiate work. The stipulation of facts shows that the high school system of Fargo does not receive state aid; is not under the inspection, supervision, or government of the high school inspector or the state board of education; and not governed by the provisions of chapter 107 of the Session Laws of 1921.

Prior to the enactment of chapter 107 of the Session Laws of 1921 (§§ 1438a1 to 1438a3) the board of education of the city of Fargo had the "power to allow children of persons nonresident in said city to attend the schools of the city, under the control of the board, upon such terms as said board shall prescribe, fixing the tuition which shall be

paid therefor." Section 1321a20 of the Supp. This law is in force yet. It is not all school districts which are required by law to admit nonresident pupils. Under the provisions of chapter 107 of the Session Laws of 1921 (§ 1438a1 of the Supp. 1925) "nonresident pupils may be admitted to the high school department of . . . standardized high schools;" but it is the duty of such "board of education in any school district having . . . a standardized high school" to admit such nonresident pupils "whenever the facilities for seating and instruction will warrant." The penalty for failure so to do is forfeiture of state aid. The Fargo schools need not admit nonresident pupils, even if "the facilities for seating and instruction will warrant" it. The provisions of § 1438a1 to 1438a3 of the Supp. 1925 do not apply to the schools of Fargo. The admission of such pupils is a matter of discretion with its board of education under the provisions of § 1321a20 of the Supp. 1925.

Petitioners argue earnestly that under the provisions of §§ 147, 148 and 151 of the state constitution the state school system "beginning with the primary and extending through all grades up to and including the normal and collegiate course" must be "free public schools" and "open to all children of the state of North Dakota;" and, by implication, that the high schools maintained by Fargo is part of this free public school system. See § 1415 of the Comp. Laws and 1343 of Supp. 1925. Therefore, they argue, if a receiving school may charge tuition this tuition cannot be exacted from the children, or their parents or guardians, but must be recovered from some other source; and that it is the evident policy of the legislature to require the district in which these children reside to furnish high school training or pay whatever tuition may be exacted legally.

The school system is the school system of the state—not of an organized administrative unit—and the state in fostering this system may, and in certain respects does, require such units to furnish and support the schools, sometimes with state aid under special conditions.

These units must furnish school facilities for instruction in certain specified branches of study (Comp. Laws, § 1383) for at least seven months in the year (§ 1189), must furnish transportation at times and pay tuition in other districts under certain conditions (§ 1179),

all at the expense of the local unit, except so far as state aid is given upon compliance with the provisions of the school law. But these units do not have the duty of furnishing all the school facilities provided by law. It is not claimed the school districts must furnish "the normal and collegiate course" though these are part of the free public school system of the state. It is only so far as the law requires these school districts to raise and expend tax money that such tax money can be appropriated by the school boards. These "school officers have and may exercise only such powers as are expressly or impliedly granted by statute." Gillespie v. Common School Dist. 56 N. D. 194, 216 N. W. 564. See also State ex rel. Van Straten v. Milquist, 180 Wis. 109, 192 N. W. 392; Schmidt v. Blair, 203 Iowa, 1016, 213 N. W. 593.

If there be any doubt as to the powers of such school boards and their right and authority to expend money, or any doubt or ambiguity in the terms of the law as enacted by the legislature as to the extent of the powers of these school officers the rule laid down in Stern v. Fargo, 18 N. D. 289, 26 L.R.A.(N.S.) 665, 122 N. W. 403, "doubtful claims of power, or doubt or ambiguity in the terms used by the legislature are resolved against the corporation . . ." is applicable here. Hence the defendant school district cannot be compelled to expend money except as authorized and directed by the statute. Even if it be the declared policy of the state to furnish uniform and free high school education to all children of the state of North Dakota, a particular school district cannot be charged with the duty of furnishing this unless the statute places this burden on it; even if the state may not have provided some other method. Petitioners do not contend otherwise but urge that the law clearly contemplates this burden is on the school district in which these nonresident pupils reside.

It is only where nonresident pupils are attending a "standardized high school" that the school districts from which they come have the duty of paying the tuition exacted of the pupils residing in the district. By this we are not intimating said district is required to pay all of the tuition. The statute very clearly limits the duty of the board to pay the tuition in cases where the pupils from the school district are attending a standardized high school as that term is known in law. The city schools of Fargo not being in the class known as stand-

ardized high schools the defendant school district cannot be compelled to pay the tuition. The order appealed from is therefore affirmed.

BURKE, Ch. J., and NUESSLE and CHRISTIANSON, JJ., concur.

BIRDZELL, J., dissents.