[File No. 7336]

JOHN J. SEHER, Respondent v. WOODLAWN SCHOOL DISTRICT NO. 26, of Kidder County, State of North Dakota, a public corporation, Appellant.

(59 NW2d 805)

Opinion filed August 4, 1953.

*F. E. McCurdy, Orrin Lovell* and *Day, Stokes, Vaaler & Gillig,* for Appellant.

*Sullivan, Kelsch & Scanlan,* for Respondent.

GRONNA, District J. This is a trial de novo of an action by an employee, employed for a particular term, at stipulated wages, against his employer for breach of contract, namely, wrongful dismissal before the expiration of such term.

Defendant is a common school district. On April 11, 1950, its three-member board voted 2 to 1 to re-employ plaintiff, who held a legal teacher's certificate, and who had been employed by the district for about seven years under separate annual contracts. The next day, April 12, a written contract was entered into, wherein plaintiff was employed as superintendent of schools, and as a teacher, for the public school of the city of Steele, an elementary and secondary school of twelve grades, employing ten teachers, including plaintiff. The contract stipulated a term of nine months commencing September 5, and an annual salary of $4,416 payable in nine equal installments of $490.67.

In July, 1950, there was a change in the personnel of the school

board. A director, Mrs. Ruth Schoenhard, who was president of the board and had voted for Seher's re-employment, retired, and the vacancy was filled by a former clerk of the board, Mrs. Josephine Ryder, who was openly opposed to the plaintiff, as were the new president, Mrs. Margaret Smith, a member since July, 1948, and the newly appointed clerk, Mrs. Leah DeWall. The third director of the board, Mr. Theodore J. Braa, was favorable to plaintiff. Hereafter, the "board" will have reference to this "divided" board.

The plaintiff performed his contractual obligations up until December 2, 1950, when he was suspended, and thereafter he remained ready, able and willing to perform, but was prevented by the suspension, and later, dismissal.

On December 2 a notice of dismissal and detailed charges or accusations were served upon plaintiff. These were signed by the two women directors and the clerk. The hearing of the charges was held at Steele, the president of the board presiding, on December 15 and 16, and on January 10, 1951. The whole of the statute, with reference to the dismissal of school teachers, and upon which the "charges" were based, is as follows:

"The school board . . . may dismiss a teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty . . . ." 1949 Suppl 15–2508 (RC 1895, s. 695).

On January 17 this motion was carried by a majority vote:

". . . that the board finds the charges have been sustained and that said J. J. Seher has been guilty of plain violation of contract, gross immorality and flagrant neglect of duty and has refused to obey the lawful orders of the board or to cooperate with the school board; that the said J. J. Seher should be and he is hereby dismissed as such superintendent and teacher."

Since no findings of fact were made by the board, said conclusions of law and order of dismissal were not based upon or supported by findings of fact.

On February 14, 1951, the teacher brought this action in the District Court of Kidder County, against his employer, the district, for breach of his contract of employment. The trial was held at Steele, the county seat, on September 27, 1951, before the judge without a jury, a jury having been waived by stipu-

lation. In addition to the testimony taken and exhibits introduced at the trial, it was stipulated that a transcript of the exhibits introduced at the hearing before the school board, should be received in evidence on the trial of this action, subject to the objections of counsel thereto.

The Findings of Fact, Conclusions of Law, and Order for Judgment of the District Court, read in part:

## FINDINGS OF FACT

. . .

"7. That no evidence was offered to support the written charges preferred by the majority members of the school board of the defendant school district against the plaintiff to warrant the suspension and dismissal of the plaintiff as superintendent of schools and teacher, and that there is no competent evidence to sustain the determination of the school board that the plaintiff was guilty of plain violation of contract, gross immorality or flagrant neglect of duty, as charged by the defendant school district.

. . .

"10. That the sum of $2502.18 is the unpaid balance upon plaintiff's contract after allowing for the amount earned by the plaintiff from other gainful employment from the time of his dismissal to the end of his school term and is the amount of damages sustained by the plaintiff by reason of the breach of his contract.

"Upon the foregoing Findings of Fact the Court makes the following Conclusions of Law:

. . .

"4. That the plaintiff has performed his contract in part and was ready, able, and willing to perform the terms of said contract on his part to be kept and performed, and that he was prevented from fully performing the same by the wrongful and unlawful suspension and dismissal by the school board of the defendant school district. That there was no evidence to sustain the determination of the school board that the plaintiff was guilty of plain violation of contract, gross immorality or flagrant neglect of duty, as charged by the defendant."

## THE ISSUES

Before reviewing the evidence to see if it supports the Findings and Conclusions of the District Court, we shall determine two preliminary questions, both procedural:

(1) Did the dismissed teacher have an administrative appeal to a superior officer and if so was such appeal (a) his exclusive remedy, and, if not, was it (b) a condition precedent to the commencement of this action for damages?

(2) Is the school board's decision concerning "cause" for dismissal controlling upon the courts in a teacher's action for breach of his contract of employment?

## DECISION

1. Although no appeal to a judicial tribunal is provided from the action of the board in dismissing a teacher, the district (defendant) contends that NDRC 1943, sections 15–2217 and 15–2107 provided the teacher with an administrative remedy of appeal, and having failed to pursue such remedy, the order of dismissal is final. Such statutes read as follows:

"15–2217. The county superintendent of schools shall decide all matters in controversy arising in his county in the administration of the school laws or appealed to him from decisions of school officers or boards. An appeal may be taken from his decision to the superintendent of public instruction. In such case, a full written statement of the facts, together with the testimony and the decision of the county superintendent of public instruction for his decision, and such decision shall be final, subject to appropriate remedies in the courts."

"15–2107. The superintendent of public instruction shall counsel with and advise county superintendents of schools and boards of education in special or independent school districts upon all matters involving the welfare of schools, and on request, he shall give them written answers to all questions concerning school laws. He shall decide all appeals from decisions of county superintendents of schools, and, for the consideration of such appeals, he may require affidavits, verified statements, or testimony under oath as to the facts in issue. He shall prescribe, and cause

to be enforced, rules of practice and regulations pertaining to the hearing and determination of appeals and such rules and regulations as may be necessary to render effective the school laws of the state."

The method of review of the decisions of school officers or school boards prescribed by these sections has no application to the action of a school board in dismissing a teacher. Leaving wholly on one side all questions as to the power of the legislature to confer upon the school board the power to determine questions affecting the rights of the contracting parties arising under a contract to which the school board is a party, it seems to us that the reading of the sections clearly shows that there was no intention that the method of review provided in the sections cited should or could be made applicable to obtain a review of a decision of a school board dismissing a teacher. It has been generally recognized that a teacher who claims to have been dismissed without cause has a remedy by action for damages for the injuries sustained. Clark v. Wild Rose Special School District, 47 ND 297, 182 NW 307; Mootz v. Belyea, 60 ND 741, 236 NW 358, 75 ALR 1347; McWithy v. Heart River School District, 75 ND 744, 32 NW2d 886.

2. Is "cause" for dismissal of a teacher an administrative question or a judicial question? Should the school board or the jury, in the first instance, determine the question of "cause"? Under our statute, 15-2508, authorizing a school board of a common school district to dismiss a school teacher for certain specified causes, is the board's decision controlling upon the courts in a teacher's action for breach of his contract of employment?

No decision of our own involving these precise questions has been cited. However, counsel for the school district has cited a number of cases from other states (but none from this state) supporting the rule that the school board, rather than a jury, must in the first instance determine the issue of "justifiable cause" for dismissal of a teacher; and the board's decision is final and controlling upon the courts in a teacher's action for breach of contract of employment, and is not subject to judicial control, unless the board acted corruptly, in bad faith, or in clear abuse of its powers. Finch v. Fractional School District,

225 Mich 674, 196 NW 532; Anderson v. Consolidated School District, 196 Minn 256, 264 NW 784; State v. Board of Education, 213 Minn 550, 7 NW2d 544; Kelsey v. School District, 84 Mont 453, 276 P 26, cited in State ex rel. Howard v. Ireland, 114 Mont 488, 138 P2d 569.

However, the case at bar, like all cases, must be decided in accordance with the statutes and decisions of our own State.

Our statute, 15–2508, supra, expressly provides that the school board of a common school district "may dismiss a teacher at any time," for certain causes. This statutory provision became a part of the teacher's contract. The laws in existence when a contract of employment is entered into become a part of the contract, as though written therein. Cf. State ex rel. Cleveringa v. Klein, 63 ND 514, 520, 249 NW 118, 86 ALR 1523.

So, in this, as in the Finch case, supra, 225 Mich 674, 196 NW 532, the school board had the power, under the contract, to dismiss a teacher at any time even though he was employed for a particular term. Clearly, this gave the board authority to terminate the employment. However, the question here is not whether the board had the power to terminate the *employment,* but whether the board had the power to terminate the *contract.* That is to say, does the school board by an act of its own, and without the consent of the teacher, have the power and authority to abrogate an existing contract (i.e., a property right) which the teacher has not violated, and stands ready to perform, so as to deprive the teacher of his remedy for a breach of contract?

Inasmuch as public school education is a *governmental,* rather than proprietary, function, the legislature may declare that the question of fact as to whether there is "cause" for dismissing a teacher, shall be an administrative, rather than a judicial, question. In recognizing this elementary principle, we find a suggested answer to our problem, namely, it is determined by the extent of the board's *statutory* power.

In North Dakota, this court has made it clear that school boards have no common-law powers. The public schools of the state are under legislative control, and school boards have no power except those conferred by the statutes upon them. McWithy v. Heart River School District, supra, 75 ND at 749,

32 NW2d at 889; Batty v. Board of Education, 67 ND 6, 269 NW 49; State ex rel. Mannes v. Alquist, 59 ND 762, 231 NW 952, 72 ALR 494; Gillespie v. Common School Dist., 56 ND 194, 216 NW 564; Pronovost v. Brunette, 36 ND 288, 162 NW 300; Rhea v. Board of Education, 41 ND 449, 171 NW 103; State ex rel. School Dist. v. Tucker, 39 ND 106, 166 NW 820; Kretchmer v. School Board, 34 ND 403, 158 NW 993. "School officers have and may exercise only such powers as are expressly or impliedly granted by statute." Gillespie v. Common School Dist., supra, 56 ND at 198, 216 NW at 565; State ex rel. Mannes v. Alquist, supra, 59 ND at 767, 231 NW at 954, 72 ALR at 498. "And in defining these powers the RULE OF STRICT CONSTRUCTION applies and any doubt as to their existence or extent must be resolved against it. See Lang v. Cavalier, 59 ND 75, 228 NW 819, 71 ALR 373, and cases cited; . . . ." Batty v. Board of Education, supra, 67 ND at 9, 269 NW at 50.

Under a private (as distinguished from public) contract of employment, the employer may dismiss the employee at any time for plain violation of contract or any other cause, but the employer has no power whatsoever to determine the question of "cause" for dismissal in so far as the employer's liability for breach of the contract of employment is concerned. An employer has the power to dismiss with or without cause, an employee hired for a particular term, and the employee has no judicial remedy for reinstatement even though the dismissal constitutes a breach of the contract of employment. But, having the power to dismiss, even without cause, and even where the contract is for a definite term, the employer thereby subjects himself to liability for breach of contract unless good cause for dismissal exists. The fact of dismissal is, of course, no evidence that it was justifiable. All this is elementary and fundamental.

"It must not be forgotten that the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is to maintain and enforce contracts, unless it clearly appears they contravene public policy or express law." State ex rel. Cleveringa v. Klein, supra, at p 536 of 63 ND.

So, the employer has the absolute power of dismissal, which

power is not subject to judicial control with respect to the matter of reinstatement. But, the employer has no power whatsoever to determine the question of "cause" for dismissal insofar as the employer's liability for breach of the contract of employment is concerned. Should the same rules govern a teacher's contract? Yes, our statute NDRC 1943, 9–0701 so provides:—

"All contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by the laws of this state."

"Ousting the jurisdiction of the courts" is expressly forbidden in NDRC 1943, Sec 9–0805, which renders such provisions in a contract void. Dinnie v. U.C.T., 41 ND 42 at 47, 169 NW 811 at 813. See 12 Am Jur, Contracts, sections 458 note 20, and 186 note 3; 17 CJS Contracts, Sec 229.

NDRC 1943, 9–0805 reads:—

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which he thus may enforce his rights is void, except as otherwise SPECIFICALLY permitted by the laws of this state."

". . . where such a condition goes to the very foundation of the action, and operates to oust the jurisdiction of the courts, it is void as being against the policy of the law, and an action may be brought without offering to comply with the condition." VI Wait's Actions and Defenses (1879 ed) 516.

A common school district is not "specifically" permitted, by the statutes or decisions of this state, to insert a stipulation or condition in a teacher's contract that a dismissed teacher is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals. And there is no such stipulation or condition in the contract herein.

Another point to remember is that in North Dakota, the relationship between the teacher and the school district is purely contractual. There is no fixed tenure of employment other than the provision for it in the contract. The relation of the district and the teacher is that of employer and employee. And even though a teacher is a public employee, he is not a public official,

not even a subordinate officer. Mootz v. Belyea, supra, 60 ND 741 at 744, 236 NW 358 at 359, 75 ALR 1347 at 1348 and 1349.

We conclude that (1) "cause" for dismissal of a teacher is an administrative question which the school board must determine in the first instance (Clark v. Wild Rose Special School District, supra), and this determination is not subject to judicial control insofar as the question of reinstatement is concerned. (Mootz v. Belyea, supra) (2) On the other hand, since the determination of liability, if any, for breach of contract is not an administrative or executive function, but a judicial function, therefore, the school board has no power or authority whatsoever to determine the question of "cause" for dismissal insofar as the school district's liability for breach of the contract of employment is concerned. So, under our statute, 15–2508, authorizing the board to "dismiss a teacher at any time" for certain causes, the board's decision dismissing the teacher is neither final nor controlling upon the court in a teacher's action for breach of contract. Instead, the burden of proof is upon the defendant district to prove, by a fair preponderance of the evidence, that its board had justifiable cause for such dismissal. And the fact of dismissal is no evidence that it was justifiable. Briefly, in a teacher's action for damages, "cause" is a jury question.

## DAMAGES

With respect to the question of damages, the District Court observed the correct measure of damages, namely: Where a teacher is dismissed without cause before the expiration of his term of employment, and has been paid to the date of his dismissal, he may sue for breach of contract of employment, and if the suit is not commenced or is not tried until the term of employment has expired, he may recover the contract price, less what he has earned, or by reasonable diligence could have earned subsequent to his discharge. 78 CJS, Schools and School Districts, Sec 216; 47 Am Jur, Schools, Sec 145; annotation in 150 ALR 100.

## CONCLUSION

We have reviewed all of the evidence and have considered the findings of fact of the trial judge, which are entitled to appreciable weight. And since a review of the evidence clearly and plainly reveals a failure of proof on the part of defendant school district as to its affirmative defense of "dismissal for cause," it is therefore Held, that the findings and conclusions of the trial judge to the effect "that there was no evidence to sustain the determination of the school board that the plaintiff was guilty of plain violation of contract, gross immorality or flagrant neglect of duty, as charged by defendant," are correct. Judgment for the plaintiff is affirmed.

MORRIS, C. J., and GRIMSON, and BURKE, JJ., concur.

SATHRE, J., disqualified, did not participate, HON. A. J. GRONNA, Judge of the Fifth Judicial District, sitting in his stead.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the judgment. The defendant is a common school district, and the laws of this state provide that the school board of such district:

"Shall employ the teachers of the district and may dismiss a teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty. . . . No person shall be permitted to teach in any public school who is not the holder of a teacher's certificate or a permit to teach, valid in the county or district in which the school is situated. Every contract for the employment of a teacher shall be in writing, . . ." 1949 Suppl NDRC 1943, 15–2508.

It will be noted the statute empowers the school board of any such district, (1) to employ the teachers of the district, and (2) to dismiss a teacher. But the statute places certain conditions both upon the power to employ teachers and upon the power to dismiss a teacher. The statute provides that "every contract for the employment of a teacher shall be in writing" and that "no person shall be permitted to teach in any public school who is not the holder of a teacher's certificate or a permit to teach,

valid in the county or district in which the school is situated." Hence, the board has no power to employ a teacher who is not the holder of such certificate or permit and a contract made by the board with a teacher not holding such certificate or permit is void. Hosmer v. School District, 4 ND 197, 59 NW 1035, 50 Am St Rep 639, 25 LRA 383; Goose River Bank v. Willow Lake School Township, 1 ND 26, 44 NW 1002, 26 Am St Rep 605; Hardy v. Purington, 6 SD 382, 61 NW 158.

The statute says the school board "may dismiss a teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty." Thus the power to dismiss a teacher "is conditioned upon the existence" of one or more of the causes specified in the statute. Clark v. Wild Rose Special School District, 47 ND at p 298, 182 NW at p. 308. See, also, Miller v. Horton, 152 Mass 540, 548, 26 NE 100, 10 LRA 116, 23 Am St Rep 850, 857; Neer v. State Livestock Sanitary Board, 40 ND 340, 370, 168 NW 601, 18 NCCA 1.

The power to dismiss a teacher does not become operative because charges have been filed against such teacher. The essential basis for a dismissal is that the condition or conditions that are prescribed in the statute as a cause for removal *actually exist*. In short, the right to dismiss is conditioned upon the existence of the fact that the teacher sought to be dismissed actually has committed or failed to commit acts, the commission or non-commission of which, constituted a plain violation of duty, gross immorality, or flagrant neglect of duty. The school board has authority to dismiss a teacher only upon the existence of one or more of the grounds specified in the statute. It has no authority to dismiss a teacher unless a cause for dismissal *actually exists*. Clark v. Wild Rose Special School District, 47 ND at p 298, 182 NW at p 308. The existence of facts constituting such cause is the very basis for the exercise by the school board of its power of dismissal and a dismissal without the existence of such ground is an act wholly beyond the power and jurisdiction of the board and obviously a teacher who is dismissed has a right to challenge the action taken, on the ground that no cause existed authorizing the board to dismiss, and this being so that the board acted without any authority whatsoever, and

that consequently the dismissal was wrongful and violative of the teacher's rights under the contract of employment. While the specific question has never been raised in this Court it has been generally recognized that in this state a teacher who has been dismissed without cause may maintain an action against the school district for the breach of his contract of employment. Such actions have been brought and recovery had and the right to maintain such action has never been questioned. Clark v. Wild Rose Special School District, 47 ND 207, 182 NW 307; Mootz v. Belyea, 60 ND 741, 236 NW 358, 75 ALR 1347; McWithy v. Heart River School District, 75 ND 744, 32 NW2d 886. Cf. Bogert v. Board of Education of City of New York, 44 Misc 10, 89 NYS 737; Ransom v. Boston, 192 Mass 299, 78 NE 481, 7 Ann Cas 733; School District No. 94, v. Gautier, 13 Okla 194, 73 P 954.

I fully agree that the method of review of decisions of school officers and school boards by appeal to the county superintendent of schools provided by NDRC 1943, 15–2217 has no application to the action of a school board dismissing a teacher.

The plaintiff in this case had a valid contract. He could be dismissed only if one of the causes for dismissal prescribed by the statute existed. Unless such cause did exist the board was wholly without power or jurisdiction to dismiss him. The trial court found that the evidence in this case showed that no cause for dismissal existed, and that consequently the dismissal was wholly without authority and that as a result of the wrongful dismissal the contract was breached and plaintiff's rights thereunder violated to the injury of the plaintiff. The findings of the trial court are entitled to weight; however, the evidence in this case has been examined by all the members of this Court and the members are all of the mind that the findings of the trial court are correct and that the judgment rendered by the trial court should be affirmed.