JOSEPH E. ROSATTI, Respondent, v. COMMON SCHOOL DIS-TRICT NO. 96, CASS COUNTY, NORTH DAKOTA, a Public Corporation, Appellant.

(204 N. W. 833.)

**Schools and school districts — statute restricting expenditure of school money held to apply to special school districts only.**

1. Section 1259, Comp. Laws, 1913, is a limitation upon the powers of boards of education of special school districts only and has no application to common school district boards.

**Schools and school districts — section 1356, C. L., 1913 circumscribes powers of all school boards.**

2. Section 1356, Comp. Laws, 1913, is a statute of general application and unless otherwise provided operates to circumscribe the powers of all school boards including those of common school districts.

**Schools and school districts — contract for services of architect may be let without advertising for bids for that service.**

3. A contract for the services of an architect in the preparation of plans, general drawings and specifications, and in making preliminary studies for the erection and building of a school house, is for professional services and within

the exception from the requirement that contracts for the expenditure of school funds be let only after advertising for proposals and to the lowest bidder.

Opinion filed June 29, 1925.   Rehearing denied August 3, 1925.

Schools and School Districts, 35 Cyc. p. 955 n. 22; p. 974 n. 8.

Appeal from the District Court of Cass County, *Cole,* J.
Affirmed.
*M. A. Hildreth,* for appellant.
*Harry Lashkowitz,* for respondent.

NUESSLE, J.   This case comes here on appeal from an order of the district court of Cass county overruling a demurrer to the plaintiff's amended complaint.

This action is brought to recover for services as an architect performed by the plaintiff for the defendant.   The plaintiff in his amended complaint alleges that he is a practising architect.   That the defendant, common school district No. 96, Cass county, North Dakota, a public corporation, is a common school corporation organized and existing under and by virtue of the laws of the state of North Dakota. That plaintiff and defendant entered into an express contract whereby he was to perform professional services as an architect in the preparation of plans, general drawings, and specifications, and make preliminary studies for the erection and building of a school for the defendant.   That such services were performed.   That the agreed value of such services under the contract was the sum of $1,557.50; that defendant refused to pay therefor although plaintiff has demanded payment, and plaintiff asks judgment for such sum with interest.   To this complaint, the defendant demurred on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

It is the contention of the defendant in support of its demurrer that the duties and powers of boards of common school districts with respect to the erection of school houses are defined and prescribed by §§ 1184 and 1185, Comp. Laws 1913, and that in the exercise of the powers thus granted to school boards, such boards are further limited by the provisions of § 1259, Comp. Laws, 1913.   Section 1259 reads as follows:

"No expenditure involving an amount greater than one·hundred dollars shall be made except in accordance with the provisions of a written contract, and no contract involving the expenditure of more than five hundred dollars for the purpose of erecting any public buildings or making any improvement shall be made except upon sealed proposals and to the lowest responsible bidder, after public notice for fourteen days previous to receiving such bids."

As we understand the point of defendant's contention, it is, that it appears on the face of the complaint that there was a failure to comply with this statute, in that while the contract declared upon involved an expenditure of more than five hundred dollars for the purpose of erecting a building, it was not made upon sealed proposals to the lowest responsible bidder after the required public notice. However, after a careful consideration of the statute, we are of the opinion that it has no application in the instant case. Section 1259 is included in article 9, comprising §§ 1229 to 1285, both inclusive, of chapter 12 of the Political Code, Comp. Laws 1913. Article 9 deals with special school districts and in the first section thereof, to wit, § 1229, provides:

"All cities and incorporated towns and villages which have heretofore been organized under the general school laws, and which are provided with a board of education, shall be governed by the provisions of this article. . . ."

Article 6 of the same chapter, comprising §§ 1173 to 1207, both inclusive, Comp. Laws 1913, deals with the powers and duties of common school ·boards with reference, in addition to other matters, to the erection of school buildings. Section 1356, Comp. Laws 1913, also a part of chapter 12, supra, provides:

"No contract except for teacher's salary, professional services, janitors' wages, or school text books involving the expenditure of school funds or money appropriated for any purpose relating to the educational system of this state, or any county, district or school corporation therein, when the amount exceeds one hundred dollars, shall be let until proposals are advertised for a period of ten days, and after such advertising, only to the lowest responsible bidder."

This latter statute is a statute of general application. Sections 1259 and 1356 were enacted simultaneously as parts of chapter 62, Sess. Laws, 1890, providing for a uniform system of public schools. Both

sections, were re-enacted as parts of chapter 266, Sess. Laws, 1911. It seems apparent from a consideration of chapter 12 of the Political Code, that it was the legislative intention to deal separately with the various sorts of school districts in the various articles of that chapter, and that the enactments contained in Article 9 thereof pertaining to special school districts were intended to have no application to common school districts. It follows that Section 1259 circumscribes the powers of boards of education of special school districts alone, and on the other hand, § 1356, Comp. Laws, 1913, unless otherwise provided, operates in like manner upon the powers of all school boards, including those of common school districts. By the amendment of § 1356 in chapter 266, Sess. Laws, 1911, contracts for professional services were excepted from the requirement that contracts for the expenditure of school funds be let only after advertising for proposals and to the lowest responsible bidder. In the instant case, the contract declared upon is one for services to be performed by an architect. We think that it is no stretch of construction to hold that such contract is within the exception contained in § 1356. That being the case, the demurrer was properly overruled and the order of the District Court must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL and JOHNSON, JJ., concur.

BURKE, J., did not participate.