W. D. GILLESPIE, Respondent, v. COMMON SCHOOL DIS-
TRICT NO. 8, McLEAN COUNTY, NORTH DAKOTA, a
Public Corporation, Appellant.

(216 N. W. 564.)

**Schools and school districts — school officer's powers granted by statute.**

1. School officers have and may exercise only such powers as are expressly
or impliedly granted by statute.

**Schools and school districts — action of officers is binding on district only
when meetings are held according to law.**

2. A school district is not bound by the action of its directors unless such
action is taken at a meeting held and conducted as required by the statute. See
§ 1160, Comp. Laws 1913, et seq.

**Schools and school districts — officers are agents of district — contract
irregularly entered into may be ratified subsequently.**

3. The directors of a school district are the agents of the district, and though
a contract made by the directors on behalf of the district is not binding upon
the district because irregularly made, nevertheless it may become binding by
subsequent ratification where such contract was one into which the district
might lawfully enter at the time it was thus irregularly made, and which like-
wise was within the power of the district to make at the time it was ratified.
*Held*, in the instant case, that though the contract in question was not binding
in the first instance, it became the contract of the district by subsequent rati-
fication.

**Schools and school districts — evidence showing correspondence with school
officers held admissible.**

4. The record examined and held, for reasons stated in the opinion, that there
was no prejudicial error on account of certain rulings on questions of evidence.

**Contracts — invalid contract is validated by subsequent ratification — com-
plaint alleging contract held sufficient.**

5. Where a contract invalid in the first instance is validated by a subsequent
ratification, proof of the making of the contract and the ratification thereof
may be made under a complaint alleging the execution of the contract without
any allegation of a ratification.

Opinion filed December 12, 1927.

Agency, 2 C. J. § 82 p. 469 n. 67; § 640 p. 917 n. 21.  Evidence, 22 C. J. § 1106

Note.— (3) As to ratification by school district of contract beyond power to make,
see annotation in 20 L.R.A. 136; L.R.A.1915A, 1026.

p. 904 n. 41. Schools and School Districts, 35 Cyc. p. 899 n. 13; p. 903 n. 33; p. 908 n. 70; p. 962 n. 89.

Appeal from the District Court of McLean County, *Coffey,* J. Affirmed.

*Langer & Nuchols,* for appellant.

"The signatures of a majority of the members of a board of directors, separately obtained to a paper when the board is not in session, will not constitute a valid act by the board." Cary Library v. Bliss (Mass.) 7 L.R.A. 765.

"A contract for supplies for a school township executed by five of the nine members of a board acting independently of each other is not binding on the district unless ratified." Richards v. School Twp. (Iowa) 109 N. W. 1093.

"The members of a board acting individually and separately, and not as a board convened for the transaction of business, cannot accept a proposition or make any contract whatever that will bind them as a corporation." Honaker v. Board of Education (W. Va.) 32 L.R.A. 413.

School board and school district officers have only such powers as the statutes confer on them. Kretchmer v. School Bd. 34 N. D. 403, 158 N. W. 993; Pronovost v. Brunett, 36 N. D. 288, 162 N. W. 300.

*F. E. McCurdy,* for respondent.

"But where there is an agreement by all of the directors of a school to meet, no formal notice of a directors' meeting is necessary and such an agreement is presumed in the absence of evidence to the contrary." 35 Cyc. 905.

"A school district may ratify a contract entered into on its behalf without proper authority or in an informal manner, by accepting and retaining the benefits of the contract with full knowledge of all the facts." 35 Cyc. 962; Richards v. Jackson School Twp. 132 Iowa, 612, 109 N. W. 1093; Union Furniture Co. v. School Dist. 50 Kan. 727, 20 L.R.A. 136.

"Where a district committee makes a contract not binding on the district, and the district votes to pay a certain sum, this binds them to pay on quantum meruit not limited to the sum voted." Kimball v. Roxbury School Dist. 28 Vt. 8.

NUESSLE, J.   The plaintiff Gillespie is an architect residing at Fargo. The defendant Underwood School District No. 8, is a common school district in the county of McLean.   In April, 1920, the plaintiff solicited employment as an architect to prepare plans and specifications for a school building to be built by the district.   He went to Underwood and conferred with two members of the school board with respect to the matter of preparing plans and specifications.   Some time was spent at this conference.   The meeting was purely an informal one and no minutes were kept of it though the clerk of the board was present.   At the conclusion of the conference the plaintiff produced a typewritten form of contract which he had brought with him.   This contract, purporting to be made by and between the plaintiff and "the Board of Underwood School District, No. 8," was signed by Gillespie and the two members present.   The contract was left at Underwood and subsequently the third director was procured to sign it.   Then it was sent to the plaintiff.   Under the terms of the writing Gillespie was to prepare plans and specifications for a school building to cost approximately $75,000 and was to submit these plans to the board, amend the same to conform to any suggestions made by them, look after the detail work of procuring bids and letting the contracts, and supervise the construction of the building.   Gillespie was to receive as compensation for these services three per cent of the cost of the building at the time the plans were completed and the remainder at intervals as the work on the building progressed.   Upon receipt of this purported contract Gillespie prepared plans and specifications and submitted the same to the board. The first record of the minutes of the board with reference to the transaction appears as of an adjourned meeting held in November, 1920. This minute referred to Gillespie and to the contract which had been entered into with him, and shows formal action by the board directing that he be paid the sum of $1,500 pursuant to the terms of this contract. It further recites that Gillespie agreed to amend the plans and specifications to conform to the financial ability of the district to build.   Thereafter much correspondence passed between Gillespie and the several members of the board and the clerk of the board.   The minutes of the board at various of the meetings referred to Gillespie and to the contract and what was being done thereunder.   Gillespie went to Underwood on several occasions and conferred with the board.   The board made sugges-

tions as to alterations in the plans which were followed by Gillespie. Difficulty was experienced in raising the necessary funds and Gillespie advised the board as to the manner in which they should proceed. Nothing was done in the way of building, however, and in 1925 Gillespie again went to Underwood, and as shown by the minutes of the school board conferred with it regarding the matter and it was decided that the board should visit a school district which had lately erected a school building for which Gillespie had prepared the plans and specifications. This the board did. Some time thereafter the board notified Gillespie they would no longer require his services. Thereafter they entered into a contract with another architect and built a school house. Gillespie then demanded payment of the remainder of the compensation which be claimed under the contract of April, 1920, and when payment was refused brought this action.

The cause came to trial before a jury. Testimony was taken and the cause submitted. At the close of the plaintiff's case the defendant moved for a directed verdict. The motion was denied. Defendant offered no evidence and rested its case. Both sides then moved for a directed verdict, defendant requesting that the issues be submitted to the jury. The jury returned a verdict for the plaintiff for $1,650. Judgment was entered thereon. Thereafter the defendant moved for a new trial or for judgment notwithstanding the verdict. The motion was denied. This appeal is from the judgment and from the order denying the defendant's motion.

Defendant relies upon three propositions as grounds for a reversal: First, that the action is brought upon the written contract of April, 1920; that such contract was entered into without authority of the district; that there was no proper meeting of the board of directors of the district authorizing it and, therefore, it is not a valid contract. Next, defendant contends that there was no ratification of the contract entered into in April, 1920, and that there could be none, for the reason that such contract purported to be made between Gillespie and the board of directors of Underwood school district and was signed by the several directors individually, and so could not be ratified by any action thereafter taken by the board at a proper meeting. Third, the defendant contends that even though the contract of April, 1920, was ratified by the board, it was ratified only in part and that the plaintiff was fully

paid pursuant to the terms of such ratification by the payment to him and the acceptance by him of the warrants for $1,500 pursuant to the action of the board taken in November, 1920.

It seems clear to us that the instrument signed by the plaintiff and the several directors as a result of the conference held in Underwood in 1920 was not a contract valid and binding as against the defendant district. The evidence clearly establishes that there was no regular or special meeting of the board held at that time. At most there was only an informal conference at which the plaintiff endeavored to persuade, and did persuade, the several members of the board as to the propriety and advisability of employing him as an architect looking toward the erection of a new school building for the district. No record of anything that was said or done at this meeting was kept. The clerk testifies that it was purely an informal conference and not a stated, adjourned or special meeting. Only two of the three directors were present. School officers have and may exercise only such powers as are expressly or impliedly granted by statute. Unless taken at meetings held and conducted as required by statute, school districts are not bound by any action taken by their several directors. Kretchmer v. School Bd. 34 N. D. 403, 158 N. W. 993; Pronovost v. Brunette, 36 N. D. 288, 162 N. W. 300; State ex rel. School Dist. v. Tucker, 39 N. D. 106, 166 N. W. 820; 35 Cyc. 901, et seq. The statute, § 1160, Comp. Laws 1913, et seq., prescribes the manner of organization of school boards and provides for the calling and holding of meetings at which business may be transacted. It further requires the keeping of a record of the proceedings of school boards by the clerks thereof. The statute contemplates that every director must have an opportunity to attend the meetings of the board and must, therefore, have notice of such meetings, either by reason of their being stated or adjourned meetings, or otherwise as provided by law. And no contract entered into is valid unless by agreement of the majority of the directors present at a proper meeting. So, in the instant case, no proper meeting having been called there could be no contract binding on the district by reason of what was done by the two directors present at the conference with the plaintiff. Neither could the signing of the purported contract by the third director subsequently lend any validity to it which it did not have before.

However, the plaintiff proceeded pursuant to the writing to prepare

plans and specifications. He conferred either personally or by correspondence with the several members of the board, with the clerk of the board, and with the superintendent of the school regarding the wants and requirements of the district and the character of the building to be designed. He prepared plans and specifications and submitted them to the board. Upon suggestions from the several members of the board he made modifications of these plans and specifications. In November, 1920, after he had done these things he met with the board at an adjourned meeting. It appears from the record that this was a proper meeting. It follows that whatsoever was done by the board at this meeting within its authority is binding upon the district. At this meeting, as shown by the minutes, the board specifically recognized the contract of April, 1920; it made reference to the contract and to the plaintiff's specifications drawn thereunder; it authorized and directed the payment to the plaintiff of the sum of $1,500 "according to contract." Clearly the board had in mind the contract of April, 1920, and just as clearly approved of that contract and recognized it as being effective and binding as against the district. District warrants were issued to the plaintiff pursuant to the action taken at this meeting. Thereafter through several years, as shown by the correspondence between Gillespie and the board or its members, and by the minutes of the board, this contract was recognized as effective and binding by all the parties. But the defendant insists that the contract was not such a one as might be ratified; that the original instrument was entered into by and between the plaintiff and the members of the board individually and that it did not purport to be the contract of the district. The contract, however, purported, to be made by the Board of Underwood School District, No. 8. It was considered as being the obligation of the district by both Gillespie and the board at regular and proper meetings of the board. All the business transactions had relating to the matter of the building of a school were had in recognition of these facts. The defendant relies upon the case of Western Pub. House v. Rock, 84 Iowa, 101, 50 N. W. 551, as an authority supporting its position. An examination of this case discloses that it is quite different from the instant case. It arose on demurrer to the complaint. The contract there involved was the contract of the individual directors and did not purport to be otherwise. While a ratification was alleged it does not appear that the ratification was accepted and

relied upon by the publishing house, and so the court held that on the pleadings it did not appear to have become by ratification a contract binding on the school district. In the instant case we think that the record justifies the inference that the district had authorized the erection of a school building. Bonds were voted and, ultimately, a building was erected. So the school board was authorized under the law to do what was necessary to erect the building. It had authority to employ an architect to prepare plans and specifications for such a building and to supervise the erection of the same. See Rosatti v. Common School Dist. 52 N. D. 931, 204 N. W. 833. It had this authority in the first instance and afterwards when the various acts were done, which the plaintiff claims resulted in a ratification. While the conference of April, 1920, was not a proper meeting of the district board, and the contract there entered into between two of the directors and the plaintiff was not valid and binding as against the district, yet it was such a contract as the board was authorized to make. Subsequently the board could ratify the contract so entered into. We think that the evidence discloses a clear case of such a ratification and that the contract, though invalid in the first instance, became by reason of subsequent proceedings had the contract of the district. See Cook v. Tullis, 18 Wall. 322, 21 L. ed. 933; 35 Cyc. 962, et seq; 31 Cyc. 1245, et seq.

Defendant contends that even though ratified this ratification was only to the extent that the defendant became obligated to pay to the plaintiff $1,500, and that such payment was made. The facts do not sustain this position. The records of the district show that the contract was ratified as it was originally drawn and that the payment of $1,500 authorized was made "according to contract." Manifestly, the board in making the payment intended it as a first payment and contemplated that the terms of the contract as to further payments would be carried out.

Much evidence was received by the trial court over the objection of the defendant. This evidence consisted of numerous letters and telegrams relating to the transaction, the modification of the plans, the procuring of money, the sale of bonds, the advertisements for proposals, and various other matters in connection therewith. This correspondence was between the plaintiff and the several members of the school board, the clerk of the board, and the superintendent of the school. We think

that under the circumstances this was all admissible to show what was done by the plaintiff with respect to the carrying out of his contract and the recognition by the board, its members and agents, of the fact of the contract. The objections of the defendant were based upon the theory that this correspondence was directed to and sent by the several individuals and not by the board or under its authority. In the main it was admissible. In any event, that portion of it which was properly objectionable was not of a character such as to be prejudicial in view of the undisputed facts.

Lastly, the defendant contends that the action was brought on the contract of April, 1920, and ratification was not pleaded; that therefore evidence to establish ratification was not admissible against the objections of the defendant.

The plaintiff declared upon the original contract. The defendant, in its answer, denied the making of the contract. The trial court permitted the evidence of ratification over the objection of the defendant and submitted the case to the jury on the theory that it was for them to determine whether or not there was such a ratification. We think there was no error on the part of the court in so doing. Ratification made the original contract the contract of the district. It thus became binding upon the district in the same manner and to the same effect as though properly executed in the first instance. Under the issues as made by the allegations of the complaint and the denial of the answer, proof of acts resulting in the contract was admissible whether by way of ratification or otherwise.

The order and judgment must be affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE and BURR, JJ., concur.