[File No. 6435.]

ST. PAUL FOUNDRY COMPANY, a Corporation, Appellant, v. BURNSTAD SCHOOL DISTRICT NO. 31, Logan County, North Dakota, a Public School Corporation, Respondent.

(269 N. W. 738.)

Opinion filed November 13, 1936.

*D. L. Anderson* and *Charles L. Crum,* for appellant.

*Arthur B. Atkins,* for respondent.

NUESSLE, J. Plaintiff sues to recover on a warrant issued by the defendant Burnstad School District. The defendant admits the issuance of the warrant in the sum of $732.03 and that the same has not been paid. It defends on the ground that the warrant is void because issued in payment of the purchase price of certain material used in the construction of a building for the school district, which said material was purchased illegally and without first advertising for bids as required by the statute.

The case was tried to the court without a jury. Judgment was ordered for the defendant and the plaintiff appeals.

The pertinent facts may be stated as follows: The defendant is a public school corporation in Logan county, North Dakota. In 1929 it set out to build a gymnasium. It advertised for bids pursuant to the requirements of the statute, § 1356, Comp. Laws 1913. The bids submitted were rejected as too high. Thereafter, however, the district proceeded to build the gymnasium. It published no advertisement for bids, either for general construction or for material or labor. It procured structural steel from the plaintiff. So far as the records of the school district show no contract with the plaintiff was authorized or entered into by the defendant district or by the school board thereof. But it procured the steel. Thereafter and on January 23, 1930, the warrant in suit was issued in the amount of $732.03 in payment of the bill therefor. This warrant was registered and noted as not paid for want of funds. The school board authorized its issuance and in its several reports made to the county authorities listed the warrant as one of its unpaid obligations. And the president of the board on various occasions wrote the plaintiff acknowledging the validity of the warrant and promising that the same would be paid, but it was not paid. Thereafter in April, 1933, this action was begun against the district to recover on the warrant. Section 1356, Comp. Laws, 1913, provides: "No contract except for teacher's salary, professional services, janitor's wages, or school textbooks involving the expenditure of school funds or money appropriated for any pur-

pose relating to the educational system of this state, or any county, district or school corporation therein, when the amount exceeds one hundred dollars, shall be let until proposals are advertised for a period of ten days, and after such advertisement, only to the lowest responsible bidder. Any violations of this section shall be a misdemeanor." Chapter 195, Sess. Laws 1929, among other things, provides: "In altering, repairing or constructing buildings belonging or appertaining to any . . . school district . . . or in doing any work thereon amounting to more than the sum of $3,000.00 . . . the school district officials . . . shall procure such plans, drawings and specifications thereof, upon competitive bids, or otherwise as such board may deem necessary . . . and shall advertise for bids for the doing of such work for which such plans, drawings and specifications are required. . . ." Sections 1 and 2 repeal all acts or parts of acts in conflict therewith.

The defendant contends that § 1356, supra, was in effect at the time the material was purchased and that the contract was illegal and void for the reason that the requirements of said section were not complied with. The plaintiff, on the other hand, contends that § 1356 was repealed by the enactment of chapter 195, supra; that pursuant to the provisions of the latter chapter there is no requirement that bids shall be advertised for where the purchase price of the material to be purchased does not exceed three thousand dollars.

It is clear to us that chapter 195 does not have the effect for which the plaintiff contends and that § 1356 was still in force in 1929 when the material was purchased by the defendant district. It is true that chapter 195 provides that all acts or parts of acts in conflict therewith are repealed, but a comparison of the two statutes shows there is no conflict. And there is no express repeal. Chapter 195 simply requires that "In altering, repairing or constructing buildings belonging or appertaining to any . . . school district . . . or in doing any work thereon amounting to more than the sum of $3,000.00 . . . the school district officials . . . shall procure such plans, drawings and specifications thereof, upon competitive bids or otherwise as such board may deem necessary . . . and shall advertise for bids for the doing of such work for which such plans, drawings and specifications are required. . . ." Nothing is said therein

with respect to contracts where the amount involved is less than three thousand dollars. So there is no such inconsistency between the two statutes as will result in a repeal by implication or by the general repealing clause above referred to. See Hagstrom v. Estherville School Dist. ante, 56, 269 N. W. 93, where the rule regarding repeals by implication is reiterated.

The question then is as to the effect of § 1356 with respect to the transaction out of which this case grows. This section is a statute of general application. Rosatti v. Common School Dist. 52 N. D. 931, 204 N. W. 833. Clearly, the original purpose behind this statute was to protect school districts from possible collusion and dishonesty and insure that where material exceeding one hundred dollars in value was purchased by their governing boards that it should be obtained at the best possible price. The statute was intended to preclude favoritism and jobbing. Brady v. New York, 20 N. Y. 312. To permit contracts to be made without compliance with the terms of the statute would defeat the clear intent and purpose thereof. Ordinarily the presumption is that school officers' acts done in the performance of duty are legal, but that presumption cannot arise in the face of a clear failure to do those acts in the manner required by the statute and in such a way as to defeat its evident purposes. The contract was invalid and unenforceable. Bayne v. Thorson, 37 N. D. 187, 163 N. W. 822; Backhaus v. Lee, 49 N. D. 821, 194 N. W. 887.

It is true that the instant action is not brought upon the original contract but upon the warrant issued in payment of the obligation arising out of the contract. But this can make no difference so far as the effect of § 1356 is concerned. The warrant looks no better in the eyes of the law than the contract out of which the obligation arose. It creates no greater liability than the debt it represents. Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363. Therefore, since the original contract of purchase is subject to challenge because the requirements of § 1356 were not complied with, such challenge may also be interposed to the warrant which was issued in payment of the obligation arising out of the contract.

But the plaintiff contends that the contract as originally entered into was subsequently ratified by the school district and that such

ratification is evidenced by the acts and conduct of the school board with respect thereto. In that behalf it points to the facts that the warrant was issued after authorization as shown by the minutes of the school board; that when the same was presented for payment it was registered and noted as not paid for want of funds; that thereafter the district in its several reports to the supervising authorities noted the warrant as one of its unpaid obligations; that the president of the board advised the plaintiff that the warrant would be paid; and that generally the school district officers recognized the validity of the warrant. It is true that a contract made by the directors on behalf of a school district, though not binding upon the district because irregularly made, may, in some instances, become binding by a subsequent ratification. Gillespie v. Common School Dist. 56 N. D. 194, 216 N. W. 564. But this rule applies only where the contract was one into which the district might lawfully have entered at the time it was thus irregularly made and which it was within the power of the district to make at the time and in the manner of its ratification. See authorities cited at pages 1026 et seq., L.R.A.1915A. There can be no ratification unless the acts relied upon to effect it are sufficient to support the contract as an original matter. Chippewa Bridge Co. v. Durand, 122 Wis. 85, 99 N. W. 603, 106 Am. St. Rep. 931, and authorities cited. In the instant case there never was any attempt to comply with the requirements of § 1356, either at the time the contract was entered into or thereafter and, therefore, there was no ratification.

Plaintiff further contends that it is not equitable that a public corporation should be permitted to retain valuable property without paying therefor. The question here is not as to whether the plaintiff can recover the property obtained from it by the defendant or the reasonable value thereof. The plaintiff seeks to recover the contractual purchase price. We express no opinion as to whether an action to recover the property or the reasonable value would lie.

The judgment of the district court must be and it is affirmed.

BURKE, Ch. J., and BURR, CHRISTIANSON and MORRIS, JJ., concur.