[File No. 6689.]

ST. PAUL FOUNDRY COMPANY, a Corporation, Appellant, v. BURNSTAD SCHOOL DISTRICT NO. 31 OF LOGAN COUNTY, NORTH DAKOTA, a Public School Corporation, Respondent.

(295 N. W. 659.)

Opinion filed November 28, 1940.

*D. L. Anderson* and *Charles L. Crum,* for appellant.
*Arthur B. Atkins,* for respondent.

BURR, J. This case is a sequel to St. Paul Foundry Co. v. Burnstad School Dist. 67 N. D. 61, 269 N. W. 738. When the plaintiff was unable to recover upon the contract, for the reason set forth in the case cited, it commenced this action in March, 1937, to recover possession

of the structural steel involved "in the event the possession can be obtained, and, if the possession thereof cannot be obtained, for its value in the sum of $732.03;" alleging in the complaint that this property came into the possession of the defendant in 1929, and "the defendant took said property for a public use, to wit: the building of a gymnasium for said school district, without paying to the plaintiff any just compensation therefor, in contravention of § 14 of the Constitution of the state of North Dakota."

In the answer, defendant sets forth two main defenses—that this matter is res judicata, and that the suit on the cause of action is barred by the statute of limitations.

After an abortive attempt to secure bids for furnishing the structural steel as required by § 1356 of the N. D. Compiled Laws 1913, and rejecting all bids that had been submitted, the school board proceeded to build a gymnasium; for that purpose, without in any way complying with the provisions of § 1356 of the Compiled Laws, procured this steel from the plaintiff without any contract being authorized or entered into by the defendant district or its school board. This steel was received in 1929; the gymnasium was built; the steel furnished was incorporated in the gymnasium; in 1930 the school warrant was issued as described in the case cited; upon nonpayment suit was brought thereon in 1933, and this court determined the alleged contract. or agreement made with the plaintiff was illegal and that the plaintiff could not recover thereon for the contract price. Thereupon, on February 27, 1937, plaintiff served a formal demand for the return of the structural steel, which demand was refused, and in March, 1937, commenced this action in claim and delivery.

The case was tried to the court without a jury. Judgment was entered for dismissal of the action, and plaintiff appealed, demanding a trial de novo.

Appellant states: "The issues herein are whether or not the plaintiff's cause of action is barred by the statutes of limitation and whether the defendant can take the plaintiff's private property for a public use without compensation."

The respondent states: "There appears to be but one question presented by this record and that is whether or not the statute of limitations has run against the plaintiff's cause of action," thus abandoning

the defense of res judicata, which defense was determined against the defendant.

The pleadings, statement of the case, and briefs agree that the structural steel was incorporated in the gymnasium in the fall of 1929. It was furnished by the plaintiff for that purpose; was cut and molded to fit the specifications for the building; the building was completed, and the steel became an essential part thereof.

There is no merit in the contention of the plaintiff that the defendant took private property "for public use without just compensation having been first made to, or paid into court for the owner . . ." in contravention of § 14 of the Constitution of the state of North Dakota. The defendant did not "take" property in the sense in which that word is used in the Constitution. The property was delivered to it for the very purpose for which it was used. The defendant did not pay for it; but the plaintiff fashioned, furnished, and delivered the property in reliance upon the agreement made with those supposed to represent the school district; and the school district used the property for the purpose for which it was furnished.

It is the position of the plaintiff that the title to this property involved remained in it because the contract under which the property was delivered was held to be illegal; that therefore respondent could not incorporate the property in the gymnasium without paying for it, and so it is entitled to the return of the property or its value; and that the cause of action for its recovery or for its value did not accrue until it made demand for the return. As a bar to this claim, the defendant interposes the statute of limitations, the contention being that the cause of action accrued at the time the property was received and came into the possession of the respondent.

Unfortunately, the plaintiff is impaled on the horns of a dilemma. If the title to the property passed to the respondent, it passed at the time of delivery; and therefore, an action to recover the value of the property accrued at the time of the delivery, which was in the fall of 1929.

On the other hand, if it be, as plaintiff claims, that the title to the property never passed to the respondent; nevertheless, the plaintiff sent the property to the defendant to be incorporated in the building, and is presumed to know that the contract entered into whereby the

defendant was supposed to pay a certain definite amount for the property was illegal. It knew the property could not be returned after incorporation; it knew that the only remedy it then had was for its value, and this was known to it at the time the property was incorporated in the building in the winter of 1929–1930, with the acquiescence of the plaintiff and its intent that the respondent should so use it. The right to recover on quantum meruit, if any such right existed, accrued then.

Under the provisions of § 7375 of the N. D. Compiled Laws 1913, an action under either of these claims must be commenced within six years from the time the cause of action accrued.

The plaintiff urges that in equity and good conscience the defendant should pay for what it received. Unfortunately, whatever merit there may be in this argument cannot avail the plaintiff, for the statute of limitations—a statute of repose without reference to the merits of a controversy—has intervened. The plaintiff has failed to assert whatever right it may have within the time permitted by statute, and the defense of the statute of limitations is good. The judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.