Selmer MYHRE and Louis W. Brewer, on be-
half of themselves and all other taxpayers
of North Central Public School District No.
10, County of Richland, State of North Da-
kota, Plaintiffs and Respondents,

v.

SCHOOL BOARD OF NORTH CENTRAL
PUBLIC SCHOOL DISTRICT NO. 10,
COUNTY OF RICHLAND, State of North
Dakota, Defendant and Appellant.

No. 8068.

Supreme Court of North Dakota.

May 29, 1963.

Rehearing Denied Aug. 7, 1963.

Lanier, Knox & Shermoen, Fargo, for defendant and appellant.

Johnson, Milloy & Eckert, Wahpeton, for plaintiffs and respondents.

STRUTZ, Judge.

The plaintiffs in this proceeding, taxpayers of North Central School District No. 10 of Richland County, bring this action for themselves, and all other persons similarly situated, against the school district, for a writ of mandamus commanding the defendant school district to collect or, in

any event, to resort to every legal means to try to collect the tuition fees and bus-transportation costs provided for by law from the parents and guardians of nonresident pupils who attended the defendant's schools during 1960–1961; commanding and directing the defendant school board to adopt regulations for the admission of nonresident pupils; commanding and directing the defendant school board to enter into agreements with the parents and guardians of nonresident students attending school in the defendant school district for the year 1961–1962 term, for statutory tuition fees and transportation costs; and commanding and directing the defendant school board to collect or resort to every legal means to collect the full tuition and bus-transportation costs as provided by law for nonresident pupils attending its schools for the school term 1961–1962.

The defendant school district and the neighboring Eagle School District, as presently constituted, were formed after reorganizations. Both operate grade and high schools within their territories. Feelings of bitterness were engendered by such reorganizations and legal actions incident thereto, and as a result certain patrons of Eagle School District contacted the defendant school district for the purpose of securing admission of their children into the defendant's schools for the school year of 1961–1962. These applications were not made on grounds that such attendance was necessitated by shorter distances or by any other reasons of convenience. The defendant school district, upon receiving such requests from parents for admission of their children into its schools, made inquiry of various public officers, including the State Superintendent of Public Instruction, the Attorney General, and the State's Attorney of Richland County, concerning the problems raised by such requests. The defendant was informed that it could admit such pupils to any of its schools in the district if such action would not overcrowd its schools. The record discloses that the defendant school board determined that the

admission of such nonresident pupils would not cause any overcrowding in any of its schools to which they were to be admitted, and that the construction of a recently completed addition to one of the defendant's schools had been authorized prior to the time when the defendant received such requests for admission of nonresident pupils. In other words, the admission of nonresident pupils had not made such new addition necessary.

No agreements were entered into between the defendant school board and the parents of the nonresident pupils, but such parents were informed that they would be required to pay tuition to the defendant district. The exact amount of tuition, however, was not determined prior to the admission of such children.

The defendant contends and the record discloses that the number of teachers required in the district and the physical plants necessary for the operation of the schools of the district would be the same whether such nonresident pupils were admitted or not, and that the cost of operating the defendant's schools would be the same whether such pupils attended the defendant's schools or whether they were denied admission. The defendant further contends that, considering the payments received from the State and the county equalization funds for such nonresident pupils, the defendant district actually would profit by admitting such nonresident students whether or not any tuition was, in fact, charged or collected from them.

The plaintiffs, on the other hand, contend that, by failing to charge the actual cost of educating a child in the county for such nonresident children, the resident taxpayers actually are being deprived of money to which the district is rightfully entitled.

The Legislature of the State of North Dakota has enacted legislation providing for the attendance of pupils in schools outside of their home districts. Section 15–40–17 of the 1961 Supplement to the North

Dakota Century Code provides for the admission of nonresident high school pupils. That section provides, among other things, that when such nonresident high school pupils, for reasons of convenience, make application to be admitted to a high school of a district,

"The whole amount of such tuition shall be paid by the district from which the pupil is admitted and shall equal the average cost of high school education per child in the county less payments from the county and state equalization funds. * * *"

The Legislature also enacted Section 15-29-08 of the 1961 Supplement to the North Dakota Century Code, Subsection 14 of which provides that when a nonresident elementary pupil, for reasons of convenience, makes application for admission to the schools of another district, tuition shall be paid by the district from which the pupil is admitted and—

" * * * the whole amount of the tuition shall not exceed the average cost of elementary education per child in the county. * * *"

The defendant school board contends that these statutory provisions vest in the school board certain discretions with regard to the amount of tuition to be charged for such nonresident pupils, and that the amount of such tuition to be charged for nonresident pupils is to be determined by the board in the exercise of its sound discretion.

The trial court held that the provisions of Section 15-40-17, referred to above, gave to the school board no discretion to charge a lesser sum as tuition than the average cost of high school education per child in the county, less equalization fund payments. The trial court further held that Section 15-29-08(14) of the 1961 Supplement, if interpreted to give to the defendant school board the authority to charge less than the actual cost per pupil of elementary education in the county, would be invalid.

The trial court thereupon ordered the issuance of an alternative writ, ordering and directing the defendant school district to forthwith bill the parents of all elementary school children attending the defendant's schools during the school year 1961–1962, and for the year prior thereto, for the sum equal to the average cost of elementary education in Richland County, less equalization payments. The writ further provided that, before enrollment for ensuing school years, the defendant school board must enter into definite contracts with parents of nonresident school children desiring to attend the defendant's schools and that such contracts must be on the basis of average cost per pupil in Richland County, whether the pupil be in high school or in elementary school, and providing for a schedule of payments.

From the judgment entered in the action and the order for alternative writ and peremptory writ of mandamus duly entered by the court, the defendant appeals to this court and demands a trial de novo.

In the absence of a statute authorizing the admission of nonresident students, it is generally held that children have no right to be admitted to a school outside of their own district on any terms, and that a school district has no authority to open its schools on any terms for the instruction of children living outside of the district in which such schools are located. 79 C.J.S. Schools and School Districts § 449, at p. 358. While this exact question has never been before this court, we have held that public schools of the State are under legislative control and that school boards have no powers except those conferred by statute (Seher v. Woodlawn School Dist. No. 26, 79 N.D. 818, 59 N. W.2d 805); that school boards may exercise only such powers as are expressly or impliedly granted by statute (Gillespie v. Common School Dist. No. 8, 56 N.D. 194, 216 N.W. 564); and that, in defining the powers of school officers, the rule of strict construction applies, and any doubt as to

the existence or extent of such powers must be resolved against the school board (Batty v. Board of Education of City of Williston, 67 N.D. 6, 269 N.W. 49; Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819).

Thus it is apparent that, in order to determine what authority the defendant school district has in dealing with parents of nonresident children, we must examine the statutes enacted by our Legislative Assembly.

Section 15–40–17 of the 1961 Supplement to the North Dakota Century Code deals with the admission of nonresident high school pupils, while Section 15–29–08(14) of the 1961 Supplement deals with the admission of nonresident elementary pupils. With reference to the admission of nonresident high school pupils, as already noted, the law provides that tuition shall be paid—

"by the district from which the pupil is admitted and shall equal the average cost of high school education per child in the county less payments from county equalization and state equalization funds."

In the case of elementary pupils, the statute provides that tuition, after crediting taxes paid and credit allowed for the county equalization fund payments,

"shall be paid by the district from which the pupil is admitted, but the whole amount of the tuition shall not exceed the average cost of elementary education per child in the county."

Thus, in the case of either nonresident high school or elementary school pupils, the statutes specifically provide that the tuition for nonresident students who qualify shall be paid by the districts from which the nonresident pupils are admitted. No provision is made, in either case, for payment of tuition by the parents of such nonresident children. We believe this to be of significance, especially when we remember that the statutes in force prior to the enactment of the 1961 laws, although they did allow the school board to permit children who were not residents to attend the schools of the district, upon such terms and conditions "as the board may prescribe" and gave to the board authority to fix and collect tuition, the former statutes did not provide that such tuition should be paid by the district from which such pupils were admitted.

The only right of a district to admit nonresident pupils must be found in the laws on the subject enacted by the State Legislature. Our statutes now specifically provide that admission of nonresident pupils from an organized school district within the State is limited to those cases where such attendance is consented to by the school district of the pupils' residence, or where attendance of such nonresident pupils is based on reasons of convenience. The question of whether admission of such pupils is necessary by reason of convenience is subject to approval or disapproval by a committee consisting of the County Judge, the State's Attorney, and the County Superintendent of Schools. The statutes making provision for admission of nonresident pupils also provide that when such committee finds that the admission of nonresident pupils is necessary for reasons of convenience, the district of the pupils' residence must pay the tuition, less certain credits. Just what constitute such reasons of convenience would, of course, be determined by such three-member committee in the exercise of its sound discretion.

Our conclusion is strengthened by the provisions of Subsection 3 of Section 15–29–08 of the 1961 Supplement to the North Dakota Century Code where school boards are given the power—

"To send pupils into another school district when, because of shorter distances and other conveniences, it is to the best interests of the school district to do so, * * *."

The section then goes on to provide—

"Such other districts shall receive pupils only when the board of the sending district and the board or boards of the receiving district or districts have entered into an agreement governing the attendance of such pupils as may be enrolled."

The only other way that such nonresident pupils from an organized school district within the State may be admitted, in the absence of such agreement, is on approval of applications for such admission made by the three-member committee for reasons of convenience.

■ Since no showing was made in this case of any reason of convenience for the admission of such nonresident pupils into the schools of the defendant district, and since nonresident pupils were admitted by the defendant school district without the approval of the three-member committee provided for in the Act, tuition for such nonresident pupils could not be collected from the home district of such pupils. Therefore, the nonresident pupils, except such as would qualify under the provisions of the statutes referred to and for whose tuition the home district would be liable, were, in our opinion, improperly admitted by the defendant school district.

■ The defendant contends that the nonresident pupils were admitted without increasing teacher costs and without increasing the cost of providing physical plants in the district, and that the payments which were received from the State and the county equalization funds for such nonresident pupils actually resulted in a profit for the defendant district, even though no tuition would be collected for the education of such nonresidents. This fact, if it is a fact, is wholly immaterial. The powers of the defendant school district are determined by the provisions of the law and, since the statutes provide for the admission of nonresident pupils for reasons of convenience only, the admission of non-resident students is limited to such pupils who can establish such reasons for their attendance in schools in the district and who can secure the approval of the three-member committee for their attendance.

The decision of the trial court in this case, from which it might be inferred that the defendant school district would be permitted to accept nonresident pupils for reasons other than those of convenience, and without approval by the three-member committee if tuition equal to the average cost of educating such pupils in the county is collected, is therefore modified to limit admission of nonresident pupils to instances where reasons of convenience are established to the satisfaction of the three-member committee.

■ Since, for the reasons herein set forth, it is our opinion that the defendant school board is limited in its authority in admitting nonresident pupils to such pupils for whom the home district is liable for payment of tuition, it follows that the defendant school district does not have discretion to determine the amount to be charged parents of such nonresident pupils. Before such nonresident students may be admitted to the defendant's schools, the home district must give its approval or the three-member committee must find, in the exercise of its discretion, that the attendance of the student or students in question is necessitated by shorter distance or by other reasons of convenience.

For reasons set forth in this opinion, the judgment of the district court is modified and, as modified, it is affirmed.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

Appellants have filed a vigorous petition for rehearing in this case, pointing out that this court, in the case of Kessler v. Board of Education of City of Fessenden (N.

D.), 87 N.W.2d 743, has previously decided that the laws of this State provide for payment of tuition by parents of nonresident children.

The decision in the Kessler case no longer is applicable. That decision was based on Section 15–2908 of the North Dakota Revised Code of 1943, as amended by Chapter 134 of the 1957 Session Laws, appearing in the 1957 Supplement to the North Dakota Revised Code of 1943 as Section 15–29082. Section 15–29082 of the 1957 Supplement became Section 15–29–08.2 of the North Dakota Century Code on adoption of that Code in 1959.

Thereafter, the 1961 Legislature enacted Chapter 158 of the 1961 Session Laws. Section 1 of that chapter provides that several chapters of the North Dakota Century Code, including Chapter 15–29, "are hereby amended and reenacted to read as follows: * * *."

Then follows a complete reenactment of Chapter 15–29. Such amendment and reenactment wiped out Section 15–29–08.2 of the North Dakota Century Code, since it had been a part of Chapter 15.29.

■■ It is true that the subsequent section of Chapter 158 of the 1961 Session Laws, which purports to be the repeal section, does not mention Chapter 15–29. But, since Chapter 15–29 was specifically amended and reenacted by Chapter 158 of the 1961 Session Laws, Chapter 158, in effect, did repeal every part of Chapter 15–29 and that entire chapter no longer is the law except as it was reenacted. It may be argued that Chapter 158 of the 1961 Session Laws did not, in its repeal clause, specifically repeal Chapter 15–29. However, this be material, that chapter was repealed by implication. This court has held that repeals by implication are not favored. Nevertheless, where a new statute covers the entire subject of a former law in such a way as to set up a complete plan of action pertaining to the subject-matter, which is inconsistent with that contained in the former statute, the old law no longer remains in force. Figenskau v. McCoy, 66 N.D. 290, 265 N.W. 259.

Thus the decision in the Kessler case no longer is the law since it is based on a statute no longer in existence.

As we pointed out in our decision in this case, Section 15–40–17 of the 1961 Supplement to the North Dakota Century Code provides that the whole amount of the tuition for nonresident high school pupils, "except as hereinafter provided," shall be paid by the district from which the nonresident high school pupil is admitted. The only exception made is in the following language:

"This chapter, however, shall not affect the right of a school district to charge and collect such tuition as may be fixed by agreement from students who are not residents of this state."

The high school pupils admitted into the defendant district's schools did not come within that exception.

■ The general authority given to a school district to admit pupils from another district, "when it can be done without injuring or overcrowding the schools," would not authorize a district to admit high school pupils except under the conditions heretofore set out. The same subsection specifically provides:

" * * * The admission of nonresident high school students shall be governed by the provisions of chapter 15–40."

Thus this general authority must be read in the light of the specific provisions for the admission of high school pupils.

Nonresident high school pupils, therefore, except such for whose tuition the home district of the child would be liable under the provisions of this statute, were improperly admitted by the defendant district.

Having by clear and unmistakable language indicated that nonresident high school pupils were not to be admitted by any school district except in cases where such attendance is necessitated by shorter distance or by other reasons of convenience, or where the district of the residence of such pupils approves the attendance in another district, or where the student is not a resident of this State, the Legislature, in the same chapter, provided for the admittance of elementary pupils from other districts in the following language:

"* * * When an elementary pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid in the admitting district by the parent or guardian of the admitted pupil. If the attendance of an elementary pupil from another district is necessitated by shorter distance or other reasons of convenience, approval or disapproval shall be given by a three-member committee consisting of the county judge, state's attorney, and the county superintendent of schools within fifteen days after consulting the school boards of both districts concerned, and the balance of the tuition, after credit for taxes paid and the credit allowed for county equalization fund payments according to the provisions of section 15–40–26, shall be paid by the district from which the pupil is admitted, but the whole amount of the tuition shall not exceed the average cost of elementary education per child in the county. Such cost shall include expenditures from the general and sinking and interest funds and annual receipts of the building fund. Districts not complying with the decision of the committee herein provided shall forfeit their county equalization payments to the schools receiving the pupils. The board may admit pupils residing in unorganized territory adjacent to the district to the schools in the district and may arrange with the parents or guardians of such pupils for the payment of tuition. * * *". Sec. 15–29–08, subd. 14, 1961 Supp., N.D.C.C.

Thus the tuition for nonresident elementary pupils is to be paid "by the district from which the pupil is admitted." The only exception made is for pupils residing in unorganized territory adjacent to the district, in which case the pupils from such unorganized territory may be admitted to such school in the district and the district "may arrange with the parents or guardians of such pupils for the payment of tuition."

These exceptions not being applicable in the case at bar, we adhere to our former decision and the petition for rehearing is denied.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.