**LITCHVILLE PUBLIC SCHOOL DISTRICT NO. 52 OF BARNES COUNTY, State of North Dakota, Plaintiff and Appellant,**

**v.**

**HASTINGS PUBLIC SCHOOL DISTRICT NO. 95 OF BARNES COUNTY, State of North Dakota, Defendant and Respondent.**

**Civ. No. 8770.**

Supreme Court of North Dakota.

May 31, 1972.

Sproul, Fitzner, Lenaburg & Fitzner, Valley City, for plaintiff and appellant.

Ployhar, Thorson & Weisenburger, Valley City, for defendant and respondent.

ERICKSTAD, Judge (on reassignment).

Litchville Public School District of Barnes County, North Dakota, in its notice of appeal dated March 24, 1971, appeals to this court from the judgment entered in the District Court of Barnes County, dated January 28, 1971, and from the order of said court denying a motion for new trial. As Litchville's brief on appeal covers only the appeal from the judgment, we shall so restrict our consideration of the case.

By complaint dated July 7, 1970, Litchville commenced an action against the defendant, Hastings Public School District, to recover from it the cost of educating three elementary school children from the Hastings District in the Litchville District for the 1969–1970 school term and two such children for the 1968–1969 school term.

Litchville asked for judgment in the amount of $2,005.62, based upon the average cost of elementary education per student in Barnes County.

The essence of Hastings' answer is that Litchville has failed to state a claim upon which relief can be granted. The answer asserts that Hastings did not authorize or enter into any agreement with Litchville relative to the attendance of Hastings elementary students in the Litchville District. It further asserts that Section 15–29–08, Subsection 14, N.D.C.C., then in effect, has not been complied with. Hastings filed a counterclaim, but as that claim has been dismissed and Hastings has not appealed therefrom, it does not appear to be an issue in this case.

On May 7, 1968, the Kathryn School District and the Hastings School District entered into an agreement whereby Kathryn School District agreed to educate the elementary pupils of the Hastings School District for the 1968–1969 school term. A similar agreement was entered into be-tween the two districts for the 1969–1970 school term. Notwithstanding this agreement, two patrons of the Hastings School District sent their elementary school children to the Litchville School District for those terms. Neither the patrons nor Litchville School District secured the agreement or consent of the Hastings School District for the education of those children in the Litchville School District.

It is also conceded that no application was made to the three-member committee, consisting of the county judge, State's attorney, and county superintendent of schools, for authorization to attend the Litchville School District under Section 15–29–08, Subsection 14, N.D.C.C.

It is Litchville's contention that because Hastings closed its school and no longer operated a school in its district, Section 15–29–08, Subsection 14, N.D.C.C., is inapplicable.

Hastings contends that Section 15–29–08, Subsection 14, N.D.C.C., is applicable, and in support thereof refers us to Myhre v. School Board of North Central Public School District, 122 N.W.2d 816 (N.D. 1963).

Syllabus 4 of *Myhre* reads:

"4. Under the laws of this State as now in force, the only right of a school district to admit nonresident pupils from an organized school district within the State is limited to those instances where the attendance of such nonresident pupils is consented to by the school district of the pupils' residence, or where such attendance is based on reasons of convenience, subject to the approval or disapproval of a three-member committee consisting of the County Judge, the State's Attorney, and the County Superintendent of Schools." Myhre v. School Board of North Cent. Pub. Sch. Dist., *supra*, 122 N.W.2d 816, 817.

The pertinent law in effect from July 1, 1965, to July 1, 1969, as it related to the general powers and duties of the school

board, is governed by Section 15–29–08, Subsections 3 and 14 thereof.

"15–29–08. General powers and duties of school board.—The powers and duties of the school board of a public school district shall be as follows:

\*    \*    \*    \*    \*    \*

[N.D.C.C.1963 Pocket Supplement]

"3.  To send pupils into another school district when, because of shorter distances and other conveniences, it is to the best interests of the school district to do so, and in such instances the board may pay the tuition of such pupils to the district to which they are sent. \* \* \* The board may arrange, and when petitioned to do so by a majority of electors of the district shall arrange, with the school boards of other districts to send to such other districts pupils who can be taught conveniently therein, and for the payment of their tuition and for furnishing and paying for their transportation to and from the schools in such other districts. The admitting districts shall receive pupils only when schools of the admitting districts will not be injured or overcrowded and the board of the sending district and the board or boards of the receiving district or districts have entered into an agreement governing the attendance of such pupils as may be enrolled or when tuition will be paid by a parent or guardian in the manner provided in subsection 14 of this section. \* \* \*

"14.  To admit to the schools of the district pupils from other districts when it can be done without injuring or overcrowding the schools, and to make regulations for the admission of such pupils. The board may make proper and necessary rules for the assignment and distribution of pupils to and among the schools in the district and for their transfer from one school to another. When an elementary pupil is admitted from another district, credit on his tuition shall be given by the district admitting him to the extent of school taxes paid in the admitting district by the parent or guardian of the admitted pupil. If the attendance of an elementary pupil from another district is necessitated by shorter distance or other reasons of convenience, approval or disapproval shall be given by a three-member committee consisting of the county judge, state's attorney, and the county superintendent of schools within fifteen days after consulting the school boards of both districts concerned, and the balance of the tuition, after credit for taxes paid and the credit allowed for county equalization fund payments according to the provisions of section 15–40–26, shall be paid by the district from which the pupil is admitted, but the whole amount of the tuition shall not exceed the average cost of elementary education per child in the county. \* \* \*

"A school board may admit elementary pupils from other districts to its schools when it can be done without injury or overcrowding the schools even if such pupils have not received approval from the school board of their residence or from the three-member county committee provided the parent or guardian pays the tuition of each pupil, \* \* \*" Laws of North Dakota, Chapter 146, pp. 258, 259, 260 (1965).

In 1969, Section 15–29–08, Subsection 14, N.D.C.C., was further amended. A part of the language added at that time follows:

"It is the intent of the legislative assembly that school districts educating pupils

in other school districts shall pay the full cost of education." Laws of North Dakota, Chapter 176, p. 350 (1969).

Our study of these provisions causes us to conclude that when a public school district has provided by contract for the education of its pupils outside of its district, approval of the district of the residence of the pupils or approval of the three-member committee provided for in Section 15–29–08, Subsection 14, N.D.C.C., must be obtained before the district of residence becomes obligated to pay the cost of educating its elementary school pupils in another district, notwithstanding that the district of residence is not operating a school within its district. Since approval was not obtained from either the district of residence or the three-member committee, Hastings is under no obligation to pay the tuition in this case.

Accordingly, the judgment of the trial court is affirmed.

STRUTZ, C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.